Hulmes et al., Appellants, *v.* Keel.

Argued April 24, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*William S. Fenerty,* for appellants.

*I. S. Bernstein,* for appellee.

OPINION BY MR. JUSTICE BARNES, May 8, 1939:

This suit was instituted to recover damages for injuries sustained by the minor plaintiff as a result of an accident in which an automobile operated by the defendant was involved. The accident occurred on Ogontz Avenue south of its intersection with Walnut Lane, in the City of Philadelphia. Ogontz Avenue is a two-way street, sixty feet wide from curb to curb, and extends north and south, with a double set of trolley tracks thereon.

On the afternoon of December 16, 1936, a man dressed as Santa Claus was distributing candy to children on the east sidewalk of Ogontz Avenue, at a point approximately two hundred and eighty feet south of Walnut Lane. Among the children was the minor plaintiff, Donald Hulmes.* It appears that just prior to the accident he and another boy left the group of children and walked to the east curb of Ogontz Avenue for the purpose of crossing to the opposite side to see an electrical display in a store window. According to the testimony, the minor plaintiff left his companion standing on the curb and ran into the cartway where he was struck by defendant's automobile, which was proceeding in a southerly direction on the Avenue. He was picked up

---

* The age of the minor plaintiff does not appear in the record. In appellants' brief it is stated that he was "a minor of five years" at the time of the accident.

after the accident about two feet outside of the west rail of the trolley track.

No testimony was presented on behalf of defendant at the trial in the court below. The jury returned a verdict for the defendant, and this appeal is from the refusal of the court below to award plaintiffs a new trial.

It is clear from the record that plaintiffs failed to establish the manner in which the accident happened. There is no testimony indicating the length of time that elapsed from the child's leaving the east curb of the sidewalk and the moment when he was struck by the automobile, nor is there any evidence to show how far he had progressed across the street when he was struck. The location of the defendant's automobile at the time when the child started to cross the street is not fixed. In consequence there are no facts upon which the conclusion can be based that the minor plaintiff was in the cartway for such a length of time prior to the accident that the defendant, in the exercise of due care, should have observed his presence, and that her failure to do so was negligence.

The burden of proving how the minor plaintiff was injured was upon the plaintiffs: *Niziolek v. Wilkes-Barre Ry. Corp.*, 322 Pa. 29; the mere happening of an accident does not establish that one party or the other was at fault: *McAvoy v. Kromer*, 277 Pa. 196; *Sajatovich v. Traction Bus Co.*, 314 Pa. 569; *Beyrent v. Kaplan*, 315 Pa. 353; *Pfendler v. Speer*, 323 Pa. 443. While it is not required that the manner in which the accident happened be established by the testimony of eyewitnesses, conjecture and speculation cannot be accepted in lieu of proof. The plaintiffs failed to meet the burden of proof which rested upon them.

In respect to a similar situation, it was appropriately said in *Fisher v. Amsterdam*, 290 Pa. 1 (p. 2): "There was no testimony as to how long before the accident plaintiff was in the roadway, or what opportunity de-

fendant had to see him. . . . Taking into consideration all the testimony in the case, the majority of the court think that plaintiff, by himself and his witness, failed so to describe, picture or visualize what actually happened at the time of the accident as to enable one fixed with responsibility for ascertaining the facts to find that defendant was guilty of negligence; . . ."

The only competent evidence concerning the speed of defendant's car is to the effect that she was traveling from fifteen to twenty miles an hour. The accident happened between crossings, and the single eyewitness to its occurrence was the minor plaintiff's young companion, who testified that while they were standing together on the curb the plaintiff let go of his hand and ran into the street where he was struck by the automobile. As we said in *Purdy v. Hazeltine,* 321 Pa. 459 (p. 461) : "The degree of care required in operating a car between crossings is not as great as it is at a public crossing. The driver cannot, however, carelessly inflict injuries on users of highways between crossings. His duty is governed entirely by the circumstances of whether he saw such persons in the way in time to avoid hitting them, or whether he should anticipate their acts when they have committed themselves to a dangerous position . . . a driver is not bound to anticipate that a child will suddenly dart from the side of the street."

From our review of the record we have reached the conclusion that there is no evidence of negligence which would justify a reversal of the order of the court refusing plaintiffs a new trial. In view thereof it is unnecessary to discuss the remaining assignments of error complaining of certain portions of the charge of the trial judge, and of incidents that occurred at the trial which plaintiffs contend were prejudicial to their case.

The judgment of the court below is affirmed.