## Steiner, Appellant, v. Pittsburgh Railways Company.

550

Argued October 2, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Hymen Schlesinger,* for appellant.

*John Ward Hindman,* with him *Pritchard, Lawler & Geltz,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 10, 1964:

Plaintiff-administratrix appeals from a judgment of nonsuit. The judgment of nonsuit was entered in a trespass action brought by plaintiff for damages for the death of her intestate.

Defendant operates railway cars by cable on two tracks from the bottom of a hill to the top of a hill in Pittsburgh on a steeply inclined track. The track on this particular hill was 2644 feet in length, with an elevation of over 400 feet.

Plaintiff pleaded two factual theories to establish her right to recovery. The first theory pleaded was that on or about October 8, 1953, decedent boarded defendant's car and while a passenger fell or was thrown by the rough motion of the car to his death on the railroad tracks. Plaintiff also alternatively pleaded that decedent, aged 13, was struck by defendant's car on or about October 8, 1953, while traversing a footpath that crossed defendant's railway tracks on the hillside.

Plaintiff utterly failed to prove how or in what manner decedent's death occurred. However, plaintiff did prove that the decedent's dismembered body was found widely scattered along the east rail track about halfway up the incline, and it is clear that defendant's easternmost car had passed over decedent's body at least once. Plaintiff further proved that decedent went to an evening football game, that after the game he went to the defendant's station at the foot of the incline, and that he was last seen alive while standing in a line of approximately 75 to 100 people who intended or desired to board the next car when it arrived.

No one knows whether decedent actually boarded the car or how and in what manner his death occurred. Plaintiff further proved (a) that the tracks had been unlighted for some time prior and subsequent to the evening in question, and (b) that the cars had previously had only one light on each car, and (c) that these incline cars had been operated previously in a jerky manner and had no accompanying guard. *There was no proof that these facts* existed at the time of the

death or *caused or had any connection with decedent's death.*

It is clear, we repeat, that no evidence whatever was presented as to how or in what manner decedent met his death. There was absolutely no proof or evidence of negligence and it is clear that a verdict under all these circumstances would be based upon nothing but conjecture and guess.

In *Flagiello v. Crilly,* 409 Pa. 389, 187 A. 2d 289, the Court said (pages 390-391) : ". . . It is hornbook law that a judgment of nonsuit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor : Castelli v. Pittsburgh Railways Company, 402 Pa. 135, 165 A. 2d 632; Stimac v. Barkey, 405 Pa. 253, 174 A. 2d 868; Borzik v. Miller, 399 Pa. 293, 159 A. 2d 741.

"The law is likewise clear that the plaintiff has the burden of proving by a fair preponderance of the evidence that defendant was negligent and that his negligence was the proximate cause of the accident : Stimac v. Barkey, 405 Pa., supra; Schofield v. King, 388 Pa. 132, 130 A. 2d 93.

"The mere happening of an accident or the mere fact that a moving vehicle collides with a pedestrian or with another vehicle does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence : Bohner v. Eastern Express, Inc., 405 Pa. 463, 175 A. 2d 864; Stimac v. Barkey, 405 Pa., supra; Gatens v. Vrabel, 393 Pa. 155, 142 A. 2d 287; Schofield v. King, 388 Pa., supra; Ebersole v. Beistline, 368 Pa. 12, 82 A. 2d 11; Hulmes v. Keel, 335 Pa. 117, 6 A. 2d 64; Niziolek v. Wilkes-Barre Railway Corp., 322 Pa. 29, 185 A. 581.

"It is also well settled that the doctrine of res ipsa loquitur does not apply and a jury is not permitted to

find a verdict based on surmise or guess: Schofield v. King, 388 Pa., supra; Smith v. Bell Telephone Co., 397 Pa. 134, 153 A. 2d 477." See also: *Izzi v. Philadelphia*, 412 Pa. 559, 195 A. 2d 784.

Applying these authorities to the evidence in this case, we find no merit in any of plaintiff's contentions.

Judgment of nonsuit affirmed.

Mr. Justice MUSMANNO dissents.

