Engle, Appellant, *v.* Spino.

Argued January 4, 1967. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Bernerd A. Buzgon,* with him *Davis & Katz,* for ap-
pellants.

*L. E. Meyer,* with him *Meyer, Brubaker & Whit-
man,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 18, 1967:
This is an appeal from the Order of the lower Court
refusing to remove a judgment of nonsuit.  Plaintiffs
brought an action of trespass to recover damages for
personal injuries sustained by the wife-plaintiff, as
well as property damage and medical expenses sus-
tained by her husband as the result of an automobile
accident which occurred June 13, 1964, at the inter-
section of Township Route 117 and U. S. Route 322 in
the village of Campbelltown, Lebanon County, Pennsyl-
vania.

Plaintiff-wife was driving north on Route 117 in-
tending to turn west on U. S. Route 322.  Defendant

was driving east on U. S. Route 322. Route 117 is a two-lane highway controlled by a stop sign. U. S. Route 322 is a two-lane through highway.* At the time of the accident, it was raining slightly. Plaintiff's automobile came to rest in a field off the northeast portion of the intersection; defendant's automobile came to rest facing in a westwardly direction in the westbound lane of traffic east of the intersection. The body of the wife (plaintiff) was on the berm of the northeast portion of the intersection; debris was scattered in the northeast quadrant of the intersection. When wife-plaintiff testified, she stated that she had no recollection of the accident. Defendant and his wife who was in his car did not testify and were not called on cross-examination. At the conclusion of plaintiffs' case the lower Court granted defendant's motion for a nonsuit and thereafter refused to take it off. Plaintiffs then appealed to this Court.

Plaintiffs contend that the lower Court abused its discretion in refusing to take off the nonsuit "since the jury reasonably could have concluded from the uncontradicted evidence elicited in plaintiffs' case that defendant was negligent and that such negligence was the proximate cause of the accident."

In *Flagiello v. Crilly*, 409 Pa. 389, 187 A. 2d 289, the Court said (pages 390-391) : ". . . It is hornbook law that a judgment of nonsuit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor: Castelli v. Pittsburgh Railways Company, 402 Pa. 135,

---

* There was no evidence describing the distance from Route 117 that wife-plaintiff could have first seen defendant's car prior to the accident, nor was there any evidence as to the speed of either the plaintiff's car or defendant's car prior to the accident.

165 A. 2d 632; Stimac v. Barkey, 405 Pa. 253, 174 A. 2d 868; Borzik v. Miller, 399 Pa. 293, 159 A. 2d 741.

"The law is likewise clear that the plaintiff has the burden of proving by a fair preponderance of the evidence that defendant was negligent and that his negligence was the proximate cause of the accident: Stimac v. Barkey, 405 Pa., supra; Schofield v. King, 388 Pa. 132, 130 A. 2d 93.

"The mere happening of an accident or the mere fact that a moving vehicle collides with . . . another vehicle does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence: Bohner v. Eastern Express, Inc., 405 Pa. 463, 175 A. 2d 864; Stimac v. Barkey, 405 Pa., supra; Gatens v. Vrabel, 393 Pa. 155, 142 A. 2d 287; Schofield v. King, 388 Pa., supra; Ebersole v. Beistline, 368 Pa. 12, 82 A. 2d 11; Hulmes v. Keel, 335 Pa. 117, 6 A. 2d 64; Niziolek v. Wilkes-Barre Railway Corp., 322 Pa. 29, 185 A. 581.

"It is also well settled that the doctrine of res ipsa loquitur does not apply and a jury is not permitted to find a verdict based on surmise or guess: Schofield v. King, 388 Pa., supra; Smith v. Bell Telephone Co., 397 Pa. 134, 153 A. 2d 477.

"In Smith v. Bell Telephone Co., 397 Pa., supra, [upon which plaintiffs mainly rely] the Court said (page 139):

" ' . . . when a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deducible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith.' " Accord: *Amon v. Shemaka*, 419 Pa. 314, 214 A. 2d 238; *Steiner v. Pittsburgh Railways Company*, 415 Pa. 549, 204 A. 2d 254.

Under the facts hereinabove stated, it is clear that plaintiffs failed to sustain their burden of proof that defendant was negligent and that his negligence was the proximate cause of plaintiffs' injuries and damages. If this case were permitted to go to a jury, the verdict of a jury would be a mere conjecture or guess.

Order affirmed.

Mr. Justice MUSMANNO dissents.