Greathouse, Appellant, *v.* Horowitz.

Argued January 7, 1970.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Norman Shigon,* for appellants.

*Ernest Ray White,* with him *Liebert, Harvey, Herting, Short and Lavin,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, April 22, 1970:

The principal issue in this case is whether the lower Court erred in refusing to apply the doctrine of exclusive control to shift the burden of proof in this trespass action involving personal injuries allegedly sustained by a child, Gary Greathouse, while attending a child care class in a public school.

The complaint filed in this case by Gary Alexander Greathouse and his mother alleges that Gary, who was three years old at the time, was attending a class in "child care and development" which was being conducted at the Stoddart-Fleisher Junior High School of the Philadelphia Public School System. This class, which was part of a home economics course offered to the regular students at the school, was intended to give experimental knowledge to 7th, 8th and 9th grade girls in the care and needs of young children from 2½ to 4½ years of age. There were approximately thirteen young children in the child care and development class at this time, with eight girl students enrolled in a home economics class.

Defendant Georgia Thompson was the teacher of the home economics course and defendant Philip Horowitz was the principal of the Stoddart-Fleisher Junior High School. Plaintiffs' theory of recovery is that the doctrine of exclusive control applies and that the defendants failed to provide adequate supervision of the chil-

dren participating in the child care class and consequently are liable for plaintiff's injury.

The testimony reveals that at about 11 A.M. on March 3, 1965, Gary (the minor plaintiff) had returned to his classroom after playing in a designated play area located on the roof of the school. Both the classroom and the entrance to the outdoor play area were located on the 6th floor of the school building. Upon his return, defendant Georgia Thompson observed Gary crying. In response to Mrs. Thompson's question as to why he was crying, Gary said that his head hurt; whereupon in order to relieve this hurt, Mrs. Thompson applied a cold compress. Gary was then put to bed for a nap and later given his lunch, which was part of the routine for all these young children. After his lunch, Gary was sent to the school nurse. Gary's mother called for him shortly before 3 P.M., and noticed that Gary had a patch over his right eye. She then took him to the Wills Eye Hospital, where he was kept for treatment for a severe injury to his eye.

Plaintiffs then brought this suit for damages to Gary's eye. The case was tried before a Judge sitting without a jury. After hearing all the evidence, the Judge (1) concluded that the doctrine of exclusive control did not apply, and (2) concluded that plaintiffs had failed to prove by a fair preponderance of the evidence their right to recover damages, and (3) entered a verdict for defendants. Plaintiffs filed a motion for a new trial which was overruled and, from the judgment entered on the verdict, this appeal was taken.

Plaintiffs' principal contention is that because the young child arrived at the school healthy in the morning, the fact that he was delivered to his mother in the afternoon in an injured condition cast on the persons entrusted with his care the burden to prove lack of negligence on their part. We disagree. In our opinion, the *conditions prerequisite to the application of the ex-*

*clusive control doctrine,* which would thus shift to the defendants the burden of proving due care, have not been met.

In *Izzi v. Phila. Transportation Co.,* 412 Pa. 559, 195 A. 2d 784, the Court pertinently said (page 566) : "[W]e deem it wise to reiterate that the doctrine of exclusive control, which has often been termed a dangerous doctrine, is in the last analysis applied only under very unusual conditions and only because of necessity. It negates long established rules of evidence which have become rules of substantive law. It is well established that the doctrine raises *an inference** of negligence and shifts to the defendant the burden of going forward with the evidence, and thus takes all such cases to the jury. However, it is rarely ever recognized that in the last analysis, it also practically and in reality shifts to the defendant the burden of proving due (i.e., reasonable) care and thereby exculpating itself from the inference of negligence. The doctrine should be applied only where *all** of the foregoing elements are present: (a) where the thing which caused the accident is under the exclusive control of or was made or manufactured by the defendant; *and** (b) the accident or injury would ordinarily not happen if the defendant exercised due care, or made or manufactured the article with due care; *and** (c) where the evidence of the cause of the injury or accident is not equally available to both parties, but is exclusively accessible to and within the possession of the defendant; *and** (d) the accident itself is very unusual or exceptional and the likelihood of harm to plaintiff or one of his class could reasonably have been foreseen and prevented by the exercise of due care; *and** (e) the general principles of negligence have not theretofore been applied to such facts."

---

* Italics in *Izzi v. Phila. Transportation Co.* Opinion.

We are convinced from our examination of the pleadings and the testimony that *all* of the aforesaid elements are not present in this case. First, there was no allegation or proof whatsoever of the "thing" which caused the injury to Gary. That being the case, how can it be determined that the "thing" which caused the injury was under the exclusive control of, or was manufactured by, the defendants. Secondly, the injury was sustained by a three-year-old boy at play. It is a matter of common knowledge that such an injury was not so unusual as to create an inference of lack of due care on the part of the defendants. Thirdly, evidence as to the cause of the injury was not exclusively available to the defendants. The testimony revealed that at least one home economics student, if not two, was stationed on the roof play area when the accident presumably took place and would have been in a better position to testify as to what happened than either of the defendants, Mrs. Thompson or Mr. Horowitz, neither of whom was on the roof at the time.* Indeed, the plaintiffs called as a witness Eva Jones, a home economics student assigned to the roof on the day in question, who said that she did not remember Gary being hurt.

Finally, we have not been referred to any case where the general principles of negligence have not been applied to a comparable factual situation, and we reiterate that an accident to a three-year-old boy at play is not so very unusual or exceptional as to warrant departing from the general principles of negligence.

For these reasons, we hold that the doctrine of exclusive control is inapplicable in this case, and that the plaintiffs are entitled to recover only by establishing by a fair preponderance of the evidence that the defendants were negligent and their negligence was the

---

* Mrs. Thompson likened her supervision to the policeman's beat: "I walk from the roof to the playroom to the sleep room to the toilet room—just keep walking, keep looking."

proximate cause of the injury. From our review of the record, we find no evidence that would support a finding of negligence on the part of the defendants. We have considered the other contentions made by the plaintiffs and find no merit in any of them.

Judgment affirmed.

Mr. Justice JONES, Mr. Justice EAGEN, and Mr. Justice POMEROY concur in the result.

Mr. Justice ROBERTS concurs in the result on the ground that the exclusive control doctrine is inapplicable here, the institution not being a party defendant.

Mr. Justice COHEN dissents.