455 A.2d 651

**WEST MOUNTAIN POULTRY COMPANY, Appellant,**

v.

**Myron GRESS, Ronald Gress, Peter Gress, Edward J. Gress, Gress Foods, Inc. and Gress Poultry, Inc.**

Superior Court of Pennsylvania.

Argued May 10, 1982.

Filed Dec. 10, 1982.

Reargument Denied Feb. 25, 1983.

Roger Mattes, Scranton, for appellant.

James J. Zaydon, Scraton, for Myron, Ronald, Peter and Edward Gress, appellees.

Clinton R. Weidner, Jr., Lemoyne, for Gress Foods and Gress Poultry, appellees.

Before CAVANAUGH, CIRILLO and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erroneously granted a non-suit in favor of appellees. Because questions of fact remained to be determined, we reverse and remand for a new trial.

Appellant, West Mountain Poultry Co., is owned in equal shares by Jerome Barth and Gress Farms, Inc. Gress Farms, Inc. owned by several members of the Gress family who, in varied alignments hold two other chicken processing plants with the Gress name, leases space to appellant for processing comminuted chicken meat.[1] Barth, an expert in comminuted chicken, and the Gress family members, joined to start appellant in the comminuted chicken business. A few years after appellant began operating, two of the Gress family businesses began comminuting chicken themselves.

---

1. Comminuted chicken meat is a by-product of the chicken deboning process. Small particles of chicken meat are mechanically removed from necks, rib cages and bones after most of the meat has been cut off by hand. The technology that is subject to the trade secrets conflict involves machine settings and operation.

On October 11, 1977, appellant filed a complaint alleging that individual Gress family members and two of the family businesses conspired to take trade secrets and customer lists from appellant, resulting in the destruction of appellant's business. The case went to trial before a jury on March 9, 1981 and continued until March 13 when, at the close of appellant's evidence, the lower court granted appellees' motions for a non-suit. Appellant petitioned the lower court to remove the compulsory non-suit, but on October 6, 1981 the court denied the motion. This appeal followed.

■■■ "A judgment of non-suit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict with the evidence must be resolved in his favor." *Engel v. Spino*, 425 Pa. 254, 256, 228 A.2d 745, 746 (1961). When a compulsory non-suit is entered, "lack of evidence to sustain the action must be so clear that it admits no room for fair and reasonable disagreement." *McAuliffe v. Constantine*, 228 Pa.Superior Ct. 52, 54, 323 A.2d 158, 159 (1974). "When an issue of credibility is raised on motion for compulsory non-suit, it is not within the province of the trial judge to determine the believability of the plaintiff's testimony." *Scott v. Purcell*, 490 Pa. 109, 113, 415 A.2d 56, 58 (1980). "Unless there are no conflicting inferences to be drawn it is far better to hear the defense so that the appellate court may have the benefit of findings of fact and conclusions of law." *Shechter v. Shechter*, 366 Pa. 30, 32–33, 76 A.2d 753, 755 (1950). Finally, a non-suit may only be entered where "the facts and circumstances lead unerringly to but one conclusion." *Paul v. Hess Bros.*, 226 Pa.Superior Ct. 92, 94–95, 312 A.2d 65, 66 (1973).

■■■ Appellant contends that the jury heard sufficient evidence to find the existence of trade secrets, a confidential list of customers and use by appellees of this information to the detriment of appellant. We find that the questions of whether trade secrets and a confidential list of customers exist are questions of fact for the jury, and

therefore the grant of a non-suit inappropriate. "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement of Torts § 757 comment b (1939). *E.g. Van Products Co. v. General Welding and Fabricating Co.,* 419 Pa. 248, 213 A.2d 769 (1965). To be entitled to relief, the party claiming the trade secret must show

> (1) that there was a trade secret or, as in the case at bar, a secret process or manufacture; (2) that it was of value to the employer and important in the conduct of his business; (3) that by reason of discovery or ownership the employer had the right to the use and enjoyment of the secret; and (4) that the secret was communicated to the employee while he was employed in a position of trust and confidence under such circumstances as to make it inequitable and unjust for him to disclose it to others, or to make use of it himself, to the prejudice of his employer.

*Macbeth-Evans Glass Co. v. Schnelbach,* 239 Pa. 76, 87, 86 A. 688, 691 (1913). *Accord, Van Products Co. v. General Welding and Fabricating Co., supra* 419 Pa. at 259, 213 A.2d at 775. Appellant claims that the necessary machine adjustments in the comminuted chicken process and the list of customers to whom the meat is sold are trade secrets.[2] Barth testified as to his knowledge of the process and his personal development of customers on behalf of appellant. In addition, Paul McFarland, sales manager for a company engaged in the sale of food processing equipment, was qualified as an expert witness and testified that the machine adjustment and customer lists are considered secrets in the trade. The testimony provides sufficient evidence for the jury to find the existence of trade secrets. Accordingly, it is for the jury to determine the weight and credibility of

---

**2.** Confidential lists of customers are entitled to the same protection afforded trade secrets and are subject to the standard outlined in *Macbeth-Evans, supra* at 3. *See Morgan's Home Equipment Corp. v. Martucci,* 390 Pa. 618, 136 A.2d 838 (1957).

the testimony and thus decide if the alleged trade secrets deserve protection because they are *"particular* secrets of the complaining [holder] and not general secrets of the trade in which [the holder] is engaged." *Capital Bakers, Inc. v. Townsend,* 426 Pa. 188, 191, 231 A.2d 292, 293 (1967). The evidence presented also raised a question of fact as to whether the individual appellees agreed to holding the alleged trade secrets in confidence. Appellant's incorporation agreement set forth a covenant not to compete. The stock certificates subsequently distributed to the individual Gress Farms, Inc. shareholders referred to that agreement with the legend:

> As per agreement between Jerome Barth and Gress Farms signed January 1974.
>
> s/Jerome Barth
> s/Elmer Gress.

Appellant urges that the signature of Elmer Gress [3] binds the individual shareholders to the covenant not to compete. Because the jury could find facts sufficient to support a confidential relationship between appellant and the individual appellees, regardless of the existence or non-existence of a covenant, the lower court's finding that only Gress Farms, Inc. was bound by the covenant still leaves a question of fact to be decided by the jury. "[E]ven in the absence of such an express agreement, an employer is entitled to equitable protection against the competitive use of confidential and secret information obtained as a result of the trust and confidence of previous employment." *Carl A. Colteryahn Dairy, Inc. v. Schneider Dairy,* 415 Pa. 276, 280, 203 A.2d 469, 471 (1964). Thus, notwithstanding the possible absence of a binding agreement, the jury might determine that the circumstances placed appellees in a relation of such confidence as to make it unjust for them to use appellant's trade secrets.

**3.** Elmer Gress, a shareholder in Gress Farms, Inc. is not one of the individual defendants.

We find that appellant's evidence presents questions of fact appropriate for determination by the jury, and accordingly, reverse and remand for a new trial.[4]

Reversed and remanded.

---

**4.** Because of our disposition of this case, we need not address appellant's remaining contentions.