## Chrysler v. Zigray

*Peter Loftus,* for plaintiff.
*Albert Nichols,* for defendants.

MUNLEY, *J.,* September 13, 1990 — Before the court is the motion for a protective order, pursuant to Pa.R.C.P. 4012, of defendants James Zigray and Deborah Leiber, in which they request the court to designate certain materials as confidential/trade se-

crets and thus prohibit the examination and use of these documents by plaintiff, Creavey Seal Company. Protective orders are governed by the language and purpose of Pa.R.C.P. 4012 which reads in relevant part as follows:

"(a) Upon motion by a party or by the person from whom discovery or deposition is sought and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense. . ."

As the matter now stands, this is an action against the defendants for an alleged violation of a covenant not to compete. Covenants are agreements in which the covenantor agrees for a specific period of time and within a particular area to refrain from competition with the covenantee. Black's Law Dictionary 712 (5th edition 1979). As the term is commonly used, covenants signify the existence of a profound personal relationship contingent on mutual trust. Defendants entered into such covenant as employees of the original Creavey Seal Company. When the company was sold, the defendants departed and subsequently incorporated a similar business under the name of Sealmor Industries. Plaintiff argues that certain business practices of Sealmor Industries are in breach of this covenant. Through discovery, plaintiff has sought blueprints, designs and other information relating to defendants' business. It is clear that precomplaint discovery is contemplated and allowed by the Rules of Civil Procedure; its purpose is to lay bear the appropriate facts. Pa.R.C.P. 4001(c). However, "the granting of relief in a discovery proceeding is dependent upon a prima facie showing of necessity, since the relief is not to be granted as a matter of right." *In re Estate of Roart,* 390 Pa. Super. 38, 568 A.2d 182 (1989).

First, defendants contend, under the construction of rule 4012, that a protective order restricting the dissemination of information provided through discovery would issue whenever the information provided contains trade secrets or other confidential information, the dissemination of which would assist competitors or otherwise disadvantage the party. This court must determine whether or not the documents here in question may properly be characterized as trade secrets and whether harm will occur to the defendant corporation if such order is granted. In making its determination whether these materials rise to the level of a trade secret, the court will be guided by considerations as are embodied in the Restatement of Torts. "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement of Torts, §757, comment b (1939). Further, a trade secret requires, inter alia, that the owner of the secret maintain a substantial amount of secrecy. Substantially, matters of public knowledge or general knowledge in an industry or matters which are completely disclosed by the goods which one markets cannot be appropriated by one as secret. *West Mountain Poultry Company v. Gress,* 309 Pa. Super. 361, 455 A.2d 651 (1982).

A party moving for a protective order based on Pa.R.C.P. 4012 bears the burden of establishing the objectionable nature of the discovery he is withholding. The judicial sanction of a protective order should rarely be employed. 6 Standard Pa. Practice 2d §34:35; see also, *Bealla v. Zuba,* 4 D.&C. 2d 545 (1955). A party objecting to discovery has not sustained his burden with a showing of mere annoy-

ance, oppression or expense as unreasonable. *Knappenberger v. Feldman,* 6 D.&C. 2d 728 (1956). In accord *Klein v. Commonwealth,* 9 D.&C. 2d 792 (1956); *Miller v. Bethlehem Steel Corp.,* 56 D.&C. 2d 269 (1972); *Lynn Engineering & Mfg. Co. v. Achey,* 73 D.&C. 2d 129 (1976); *Provident Nat. Bank v. Soltoff,* 1 D.&C. 3d 600 (1977). This court is prompt to say it will not deprive plaintiff of the right of discovery in this case on the grounds of unreasonable annoyance. Plaintiff is making a bona fide attempt to discover facts to assist him in presenting a more complete case. "So far as annoyance is concerned, litigants must reconcile themselves to the fact that under the rules every inquiry carries with it some degree of annoyance. . ." *Klein v. Commonwealth,* 9 D.&C. 2d 792 (1956).

Defendants posit that the information requested should not be disclosed because *much* of the information is confidential. Defendants contend that the court should liberally grant a protective order, and in support of this claim, defendants cite rule 4012(a), *supra,* which permits a court to enter a protective order, but rule 4012(a) also provides that an order shall be entered only "for cause shown . . . to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense." In their motion for a protective order, defendants have not set forth specific and concrete factual allegations that would support either a finding that the information which they are producing constitutes confidential research, development or commercial information or a finding that the dissemination of such information would harm defendants. Defendant's request for a protective order is overly broad. They seek a court order barring the general dissemination of *all* information instead of identify-

ing specific information which might be protected. Generally, defendants contend that unlimited use of this information by plaintiff would severely prejudice defendants' right to privacy and would place them at a competitive disadvantage and deprive them of the proprietary value of "trade secrets." Compare *West Mountain Poultry Co., supra.*

In determining whether there is good cause to issue a protective order restricting dissemination, the federal courts (Pennsylvania discovery rules are modeled upon the federal discovery rules) require the moving party to show that the information sought to be protected is confidential and that public disclosure of the information will result in a clearly defined and very serious injury. Furthermore, these cases hold that general allegations of competitive harm are insufficient to meet this burden. *Koster v. Chase Manhattan Bank,* 93 F.R.D. 471 (S.D.N.Y. 1982); *Waelde v. Merck, Sharpe & Dohme,* 94 F.R.D. 27 (C.D. Mich. 1981); *U.S. v. Hooker Chemicals & Plastics Corp.,* 90 F.R.D. 421 (W.D.N.Y. 1981); *Zenith Radio Corp. v. Matsushita Electric Industrial Co.,* 529 F.Supp. 866 (E.D. Pa. 1981); and *Parsons v. General Motors Corp.,* 85 F.R.D. 724 (N.D. Ga. 1980). The court opines none of these materials have been shown by the defendant to be trade secrets or that they are of a confidential propriety matter which should not be obtainable through discovery in this case.

Second, defendants allege they have no control over such materials because they are in the control of the parent company, Sealmor Industries, located in Ohio.* However, this controlling factor is in dispute. Plaintiff argues that defendants own two-

---

* Sealmor Industries is a fictitious name of Telfex Incorporation, an Ohio corporation doing business in Pennsylvania.

thirds of Sealmor Industries' stock. Defendants argue that they only own one-third of the stock, have no control over Sealmor Industries, and cannot provide the information that plaintiffs request. Defendants state that the documents "are for the most part" documents located at Sealmor Industries in Ohio. The materials Sealmor Industries is seeking to protect and prevent from being disseminated by others *may* be in the care, custody and control of Sealmor, Ohio and/or Sealmor, Pennsylvania. Nevertheless, it is evident that (the party defendants) Sealmor, Pennsylvania have *some* control over such materials and can produce them if only "in the spirit of cooperation."

Further, addressing defendants' argument that dissemination of such material is a violation of the "right to privacy," any litigant has a legitimate entitlement to privacy which is granted by the constitution, as well as by statute. There also exists a legitimate interest in the discovery of relevant information which will enable a party to adequately prepare his case for trial. In light of plaintiff's theory of the lawsuit, I believe that the items sought are relevant for purposes of discovery. Our discovery rules should not be applied in a manner that hinders the efforts of an alleged victim of breach of contract to present his case. Rule 4012 is obviously not intended to prevent a party who is preparing his pleadings with reasonable diligence from completing necessary discovery for the proper preparation of his case. Further, under the construction of rule 4012, no protective order should issue unless defendants show that public dissemination of the information would result in a clearly defined and serious injury. Disclosure of general information as to a party's financial status in a breach of covenant case

is necessary to permit the opposing party to evaluate and present a claim. The disclosure of such information will not in most cases unduly invade a party's privacy.

Defendants have failed to demonstrate good cause or compelling reasons for denying plaintiff access to the documents in question. The court cannot agree with defendants' general contention that the information contains "trade secrets" and/or that defendants have no control over such matters. It is neither important nor necessary, at this juncture in the proceedings, to be informed of the previously existing business relationship between plaintiff and defendant. The established facts are that after being employed by plaintiff and entering into a covenant relationship, defendants' employment was terminated and he established proprietary identity with a similar business.

Under ordinary circumstances, business lists and records are unquestionably private domain. However, in light of the covenant agreement, *supra,* these circumstances must be considered extraordinary. Consequently, we have claims of abrogated contractual agreements and entitlements to legal protections against competitive use of confidential and secret information obtained out of previous employment. On the balance the rules of discovery in our jurisprudence require us to provide the relevant information sought by plaintiff. For these reasons, we deny defendants' motion for a protective order barring plaintiff from the use of certain information. This opinion and the accompanying court order, while denying defendants' motion, outlines specific limitations and restrictions within which the party plaintiff must use the material provided.

## ORDER

Now, September 13, 1990, the request of defendants, James Zigray and Deborah Leiber, for a protective order pursuant to the provisions of Pa.R.C.P. 4012 is denied and defendant is directed to comply with plaintiff Gerald Chrysler's request for production, part IV., nos. 1, 3, 4, 5 and 6, within 30 days.

With respect to requests nos. 2, 7 and 8, the defendant is directed to provide a complete copy of said documents to the clerk of judicial records within 30 days. As to requests nos. 7 and 8 (tax returns, receipts, etc.) defendants will only be obliged to produce the corporate or business tax returns, receipts, etc. and not defendants' personal or individual tax records and statements. The clerk of judicial records is ordered to impound these documents and the possession of copies thereof should be restricted to plaintiff's counsel in this case, and the use thereof should be limited strictly by plaintiff's counsel to the preparation of pleadings and the preparation or trial of this case, which are the limits of the scope of permissible pretrial discovery. Pa.R.C.P. 4001.