# Griffiths v. Ulmer

C.P. of Lackawanna County, no. 99-CV-2145.

*Kevin J. Foley,* for plaintiffs.
*James A. Doherty,* for defendants.

CORBETT, *J.,* March 14, 2002—This matter comes before the court by way of defendants' motion to compel plaintiff to sign a confidentiality agreement, filed on April 11, 2001. Defendants claim that documents produced in response to discovery requests are of a proprietary nature containing financial terms, trade secrets, and other confidential information, the release of which would be detrimental to the defendants, especially if said information became available to competitors or other parties who are not involved in this litigation. Plaintiffs filed an answer to defendants' motion on April 19, 2001, specifically denying that the documents produced are proprietary in nature and/or contain financial terms, trade secrets and/or other confidential information which would be detrimental to the defendants if released. Argument on this matter was held on December 17, 2001, and accordingly, this matter is ripe for disposition. For the reasons discussed below, this court denies defendants' motion to compel.

## FACTS AND PROCEDURAL BACKGROUND

This action arises from an injury suffered by the plaintiff, David Griffiths, on May 5, 1997, while he was working on premises owned, operated and controlled by defendants Procter & Gamble, located in Mehoopany, Pennsylvania. Plaintiff David Griffiths' head was struck by a chisel resulting in severe head injuries requiring brain surgery. At the time of the incident, plaintiff was attended to by defendant Ulmer, an employee of Procter & Gamble. Plaintiff was allegedly instructed by the various defendants *not* to obtain medical attention, resulting in a three-month delay in treatment for plaintiff David Griffiths' injuries. Plaintiff Terri Griffiths, David Griffiths' wife, is bringing a claim for loss of consortium.

Plaintiffs initiated pre-complaint discovery upon the defendants, and the defendants produced documents in response to those discovery requests. The defendants then requested that the plaintiffs sign a confidentiality agreement, thereby consenting to keep all such documents produced by the defendants confidential. Plaintiffs' counsel refused to sign such an agreement but agreed to keep all documents confidential pending this court's decision on the defendants' motion to compel.

## DISCUSSION

### *Granting of Protective Order in Discovery Proceedings*

Pennsylvania Rule of Civil Procedure 4012 governs protective orders in discovery proceedings. Specifically, Rule 4012(a)(9) controls the discovery of trade secrets:

"Upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense, including one or more of the following:

"(9) that a trade secret or other confidential research, development or commercial information shall not be disclosed or be disclosed only in a designated way." Pa.R.C.P. 4012(a)(9).

The granting of relief in a discovery proceeding is dependent upon a prima facie showing of necessity, since the relief is not to be granted as a matter of right. *In re Estate of Roart,* 390 Pa. Super. 38, 568 A.2d 182 (1989). Under Pa.R.C.P. 4012(a)(9), there is no absolute privilege or unconditional bar as to disclosure of such matters. Whether disclosure is to be allowed, if protection is to be afforded, and the form of such protection, are matters to be determined according to the discretion of the court. *Miller Oral Surgery Inc. v. Dinello,* 416 Pa. Super. 310, 611 A.2d 232 (1992). A claim for this type of relief must be supported by "particularization demonstrating that such relief is warranted." *Ramada Inns Inc. v. Drinkhall,* 490 A.2d 593, 599 (1985).

The party moving for a protective order based on Pa.R.C.P. 4012 bears the burden of establishing the objectionable nature of the discovery he is withholding. The party objecting to discovery has not sustained his burden with a showing of mere annoyance. Rather, Rule 4012(a) provides that an order shall be entered only "for cause shown . . . to protect a party or person from un-

reasonable annoyance, embarrassment, oppression, burden or expense."

This court has held that "general allegations of competitive harm are insufficient to meet this burden." *Chrysler v. Zigray,* 7 D.&C.4th 408 (Lacka. Cty. 1990). The defendant must set forth specific and concrete factual allegations that would support either a finding that the information which they are producing constitutes confidential research, development or commercial information or a finding that the dissemination of such information would harm the defendants. *Id.* at 411. Establishing good cause for the protective order requires appropriate testimony and other factual data, *not the unsupported contentions and conclusions of counsel. Ornsteen v. Bass,* 50 D.&C.3d 371 (1998); 18 Phila. 328 (1998).

Defendants have failed to set forth *specific and concrete factual allegations* that would support a finding that the information which they are producing constitutes confidential research, development or commercial information. Nor have defendants alleged any facts that would warrant a conclusion that the dissemination of such information would harm the defendants. Defendants aver "the documents produced are of a proprietary nature containing financial terms, trade secrets, and other confidential information which would be detrimental to the defendants especially if said information became available to competitors or other parties who are not involved in this litigation." Defendants' motion at 1-2, ¶4. The documents to which defendants are referring consist of safety manuals and procedures for defendants Watkins Engineering and Procter & Gamble. Moreover, the de-

fendants have produced hundreds of such documents to the plaintiffs, yet nothing in defendants' motion specifically points to any trade secrets within the multitude of documents produced. Defendants thus have failed to meet their burden of proof under Rule 4012.

## Determination of Trade Secrets

Even if this court were to find that defendants have met their burden of proof by setting forth specific allegations, this court finds that the documents in question are not trade secrets and therefore not afforded protection under Rule 4012. The court must determine whether or not the documents here in question may properly be characterized as trade secrets and whether harm will occur to the defendant corporation if such order is granted. *Chrysler v. Zigray,* 7 D.&C.4th 408. A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. Restatement of Torts §757, comment b (1939). A trade secret requires that the owner of the secret maintain a substantial amount of secrecy. Matters of public knowledge or general knowledge in an industry or matters which are completely disclosed by the goods which one markets cannot be appropriated by one as secret. *West Mountain Poultry Company v. Gress,* 309 Pa. Super. 361, 455 A.2d 651 (1982).

Trade secrets may cover a wide spectrum of categories. A definition of the possible objects of trade secrecy is subject to variations and changes depending upon the

facts in each case. Pennsylvania has adopted the definition of trade secret set forth in comment (b) to section 757 of the Restatement of Torts which reads: "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it . . . ." *Van Products Company v. General Welding and Fabricating Company,* 419 Pa. 248, 213 A.2d 769 (1965). An exact definition of a trade secret is not possible. Some factors to be considered in determining whether given information is one's trade secret include the extent to which the information is known outside of his business; the extent to which it is known by employees and others involved in his business; the extent of measures taken by him to guard the secrecy of the information; the value of the information to him and to his competitors; the amount of effort or money expended by him in developing the information; the ease or difficulty with which the information could be properly acquired or duplicated by others. *Id.*

Novelty and uniqueness are not prerequisites for a product or concept to qualify as a trade secret. *Computer Printing Systems Inc. v. Lewis,* 281 Pa. Super. 240, 250 n.3, 422 A.2d 148, 153 n.3 (1980). A trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process, design and operation of which, in unique combination, affords a competitive advantage and is a protectible secret. *Anaconda Company v. Metric Tool & Die Company,* 485 F. Supp. 410 (E.D. Pa. 1980).

The documents at issue here are safety manuals. No Pennsylvania case law delineates whether a safety manual could be considered a trade secret. Ultimately, the test for whether something is a trade secret is whether the dissemination of such information would put the defendants at a competitive disadvantage. This court does not find how the dissemination of safety information could put defendants at a competitive disadvantage. Nothing in the documents supplied by the defendants, nor anything in the defendants' motion itself indicates how the dissemination of the safety manuals would put the defendants at a competitive disadvantage. Therefore, this court finds that the documents provided by the defendants are not trade secrets and consequently not entitled to protection under Rule 4012.

## CONCLUSION

Based on the forgoing, this court finds that defendants have not met the burden of proof required under Rule 4012. Moreover, this court finds that the documents provided by defendants do not constitute trade secrets and are therefore not entitled to protection under Rule 4012. For these and the above reasons, this court hereby denies the defendants' motion to compel plaintiffs to sign a confidentiality agreement.

## ORDER

Now, March 14, 2002, upon consideration of defendants' motion to compel plaintiffs to sign a confidentiality agreement, plaintiffs' response thereto, and argument thereon, it is hereby ordered, adjudged and decreed that defendants' motion is denied.