Simon v. Borough of State College

C.P. of Centre County, no. 2004-2538.

*Richard M. Wiener,* for plaintiff.
*David B. Lingenfelter,* for defendant Strongwell Corp.

GRINE, *J.,* December 21, 2004—Presently before this court for consideration are the preliminary objections of defendant Strongwell Corporation to plaintiff George J. Simon's amended complaint. Defendant Strongwell asks this court to dismiss Counts V (negligence), VI (strict liability), and VII (breach of warranties) of plaintiff's amended complaint in the form of a demurrer or, alternatively, strike said counts of plaintiff's amended complaint for failure to plead facts, which, if proven, would establish a prima facie case. For the reasons set forth below, this court overrules in part and sustains in part defendant Strongwell's preliminary objections.

## PRELIMINARY DISCUSSION

This case is an action brought against several parties, including defendant Strongwell, for damages for injuries sustained by the plaintiff when he fell into a utility hole. According to the amended complaint, on or about June 21, 2002, plaintiff was walking along the sidewalk abutting the parking lot to The Goppers pizza shop located on the 100 block of Hetzel Street, State College, Centre County, Pennsylvania. While walking, plaintiff fell into a utility hole when a utility box cover collapsed under his weight (170 pounds). Plaintiff's amended complaint ¶8.

As a result of the fall, plaintiff injured his right knee and required arthroscopic surgery. Plaintiff also sustained injuries to his right ankle and low back. Additionally, plaintiff alleges he suffered from "severe shock to his nerves and nervous system." Plaintiff's amended complaint ¶9.

Plaintiff filed his original complaint on June 8, 2004, against several parties including defendant Strongwell. Defendant Strongwell filed its first set of preliminary objections on July 2, 2004. By opinion and order of August 18, 2004, this court sustained defendant Strongwell's preliminary objections. The order of August 18, 2004, also granted plaintiff 30 days in which to file an amended complaint. Plaintiff filed an amended complaint on September 13, 2004, and service was made on counsel for defendant Strongwell on October 14, 2004. Defendant Strongwell filed these present preliminary objections on October 28, 2004. By order of court dated November 2, 2004, defendant Strongwell was ordered to file its brief with this court by November 19,

2004, and plaintiff was ordered to file his brief by December 3, 2004. Both parties filed their briefs in a timely manner.

Plaintiff's amended complaint alleges three claims against defendant Strongwell in negligence, strict liability, and breach of implied and expressed warranties. However, in his brief, plaintiff concedes that the breach of warranty claims he asserted should be dismissed, and this court will accordingly dismiss Count VII of plaintiff's amended complaint. This court, therefore, need only address defendant Strongwell's preliminary objections to plaintiff's claims of negligence and strict products liability.

## DISCUSSION

When evaluating a preliminary objection in the form of a demurrer, this court must look to the following standard:

"The material facts set forth in the complaint as well as all inferences reasonably deducible therefrom must be admitted as true. . . . The court must determine from the facts averred, whether the law says with certainty that no recovery is possible. . . . If doubt exists whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer." *Smith v. Weaver,* 445 Pa. Super. 461, 466, 665 A.2d 1215, 1216 (1995) (citations omitted), cited with approval in *Aventis Pasteur Inc. v. Alden Surgical Co. Inc.,* 848 A.2d 996, 998 (Pa. Super. 2004).

### 1. *Count V—Negligence*

Defendant claims that contrary to this court's order of August 18, 2004, plaintiff's amended complaint still fails

to assert a cause of action in negligence. Defendant asserts that plaintiff's amended complaint contains the identical "boilerplate" averments that were stated in his first complaint. Brief for defendant at 2. Plaintiff alleges in his amended complaint that defendant Strongwell "designed, assembled, manufactured, inspected, packaged, prepared, supplied, stored, serviced, sold, delivered, distributed and/or installed the . . . utility box cover in such a way that it was not safe for its intended use." Plaintiff's amended complaint ¶40.

Defendant Strongwell argues that the additional piece of information provided in the amended complaint, that plaintiff fell because the utility box was unable to bear his weight of 170 pounds, is still insufficient to plead a cause of action in negligence. *Id.*

In support of its demurrer argument on the negligence count, defendant Strongwell argues that plaintiff will attempt to prove negligence through the principle of res ipsa loquitur, but notes "that the mere happening of an accident does not raise an inference or presumption of negligence, nor does it make a prima facia [sic] case of negligence." Brief for defendant at 3, citing *Engle v. Spino,* 425 Pa. 254, 257, 228 A.2d 745, 746 (1967). Defendant Strongwell insists res ipsa loquitur is unavailable because plaintiff is merely pleading that the collapse of the utility box is, itself, proof of negligence on the part of defendant Strongwell. Brief for defendant at 3.

The doctrine of res ipsa loquitur is a rule of circumstantial evidence where if all the elements are proven, a finder of fact through his experience and common sense can determine that the injury sustained most likely could not have occurred absent negligent conduct. The Penn-

sylvania Supreme Court has adopted the Restatement of Torts definition of res ipsa loquitur, which requires a plaintiff to show: (1) "the event is of a kind which ordinarily does not occur in the absence of negligence"; (2) "other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence"; and (3) "the indicated negligence is within the scope of the defendant's duty to the plaintiff." *Gilbert v. Korvette's Inc.*, 457 Pa. 602, 613, 327 A.2d 94, 100 (1974), citing Restatement (Second) of Torts §328D (1965).

Defendant directs this court's attention to *Toogood v. Owen J. Rogal D.D.S., P.C.*, 573 Pa. 245, 824 A.2d 1140 (2003), which in articulating the conditions necessary to establish res ipsa loquitur requires proof that "the defendant . . . had exclusive control of the instrumentality effecting the injury . . . ." *Id.* at 256, 824 A.2d at 1146, citing *Greathouse v. Horowitz*, 439 Pa. 62, 264 A.2d 665 (1970). This court must determine whether to use the "responsible causes" requirement cited in the Restatment Second and *Gilbert* or the "exclusive control" requirement from *Toogood* and *Greathouse.* This court notes that *Toogood* concerned a medical malpractice issue while the court in *Gilbert* was asked to decide a more traditional case of negligence. This court, therefore, believes *Gilbert* to be more on point with the issue presently before this court and will examine the requirements for res ipsa loquitur as stated in the Restatement (Second).

With the requirements of establishing res ipsa loquitur in mind, the question now becomes whether, from the facts averred in plaintiff's amended complaint, the law says no recovery is possible. This court must answer

that question in the negative. Defendant asserts that plaintiff cannot plead facts necessary to assert a negligence claim against defendant Strongwell as "[p]laintiff has joined other parties, alleged their independent negligence, and based claims against them on the allegation that their negligence was the cause of his injury." Brief for defendant Strongwell at 4. Because plaintiff has asserted negligence claims against others, defendant Strongwell argues, plaintiff cannot sustain a claim against it on the basis of res ipsa loquitur. However, "[i]t is not necessary [to] exclude all other possible causes of the accident beyond a reasonable doubt." *Smith v. City of Chester,* 357 Pa. Super. 24, 28, 515 A.2d 303, 306 (1986) (Plaintiff met the threshold requirement under the Restatement version of res ipsa loquitur even though an alternative theory of injury had been alleged, namely that an eight-ton steamroller had driven over the area of the sewer grate plaintiff fell into moments before plaintiff walked across it.). Plaintiff must only present a case "from which a jury may reasonably conclude that the negligence was, more probably than not, that of the defendant." *Id.*

Taking all the facts averred in plaintiff's amended complaint against defendant Strongwell as true, this court finds that the law could permit plaintiff to recover some damages. This court must therefore overrule defendant Strongwell's preliminary objection in the form of demurrer of plaintiff's amended claim of negligence.

## 2. *Count VI—Strict Liability*

Defendant Strongwell next asserts a preliminary objection in the form of a demurrer on the grounds that plaintiff's amended complaint fails to state a cause of

action in strict products liability. Specifically, defendant Strongwell claims the averment that the utility box was defective because it was unable to bear the weight of plaintiff is still insufficient to plead a case on the basis of strict liability.

Plaintiff argues its theory in strict liability is rooted in the "malfunction theory of products liability [which permits] the plaintiff to establish strict liability through circumstantial evidence of product malfunction and to prove a defect in a product with evidence of the occurrence of a malfunction." Brief for plaintiff at 5-6. To establish a claim of products liability based on the malfunction theory the plaintiff must prove: "(1) product malfunction; (2) the absence of abnormal use; and (3) the absence of reasonable secondary causes." *1836 Callowhill Street v. Johnson Controls Inc.,* 819 F. Supp. 460 (1993).

In reviewing plaintiff's amended complaint and taking the averments as true for purposes of evaluating the claim for demurrer, this court finds plaintiff made sufficient averments to survive defendant Strongwell's motion in demurrer. Plaintiff alleges there was a malfunction, *i.e.,* the utility box collapsed under his weight. Amended complaint ¶¶8, 45. Second, the utility box cover "reached plaintiff . . . in a condition substantially unchanged" from the time it left defendant's possession, which adequately avers the absence of abnormal use and the absence of any reasonable secondary causes. Amended complaint ¶44. If these averments are proven at trial, plaintiff could recover damages under the malfunction theory of strict products liability. This court, therefore, cannot sustain defendant Strongwell's preliminary objection in the form of a demurrer.

### 3. *Motion To Strike*

Finally, in the event this court does not sustain its demurrer, defendant Strongwell asks this court to strike plaintiff's amended complaint "for failure to plead facts which, if proven, would establish a prima facie case of negligence, strict products liability, or breach of warranty against" it. Defendant Strongwell preliminary objections to plaintiff's amended complaint ¶25. For the reasons discussed *supra,* this court finds plaintiff pled facts that, if proven, would establish prima facie cases for negligence and strict liability and accordingly denies defendant Strongwell's motion to strike.

If, after discovery, defendant Strongwell still believes plaintiff does not have a cause of action against him, defendant Strongwell has the remedy of summary judgment available to it. This court cannot say at this time that when plaintiff's averments are viewed as true, absolutely no cause of action exists or if all averments were to be proven at trial, the law would prevent plaintiff's recovery of damages. This court must accordingly overrule defendant Strongwell's preliminary objections.

The court enters the following order.

### ORDER

And now, December 21, 2004, upon review and consideration of the briefs submitted by the parties in this matter, it is hereby ordered and decreed that defendant Strongwell's preliminary objections in the form of a demurrer or, alternatively, a motion to strike Counts V and VI alleging negligence and strict liability respectively are overruled.

Defendant Strongwell's motion to strike for failure to plead facts necessary to establish a prima facie case is denied.

It is further ordered and decreed that defendant Strongwell's demurrer to Count VII of plaintiff's amended complaint is sustained and that Count VII alleging breach of warranties is dismissed.

Defendant Strongwell shall file an answer to plaintiff's amended complaint within 20 days of the date of this order.