# Kalbach *v.* Philadelphia & Reading Ry., Appellant.

*Railroads—Sparks—Destruction of property by fire—Negligence
—Records of engines—Evidence—Causal connection—Intra- and
interstate trains—Scintilla.*

1. The records of the movements of engines kept in obedience to
the Interstate Commerce Act and in conformity to the order of the
federal commission, are the best evidence to prove the fact of
engines passing a given point within certain periods of time.

2. If these records are available (and they are subject to a sub-
pœna duces tecum), other evidence is not admissible, unless the
records are impeached by evidence sufficient to overcome their au-
thenticity.

3. The legislation as to such records is sufficiently comprehensive
to cover intra- as well as interstate trains.

4. If, in a case against a railroad company for loss by fire alleged
to have been caused by sparks from locomotives, the plaintiff in-
troduces the official records of movements of locomotives, it is re-
versible error for the court to admit evidence to show that on other
days, for months before and after the fire, sparks were seen thrown
from engines, regardless of their identity, or whether they passed
the point where the fire occurred.

5. Where the fire is shown to have been caused, or could have
been caused, only by sparks from a particular engine that passed
near the time when it started, the evidence must be confined to that
particular engine.

` 6. When such inquiry is proper, it should be limited to a reasonable time. Three weeks before and after the fire is too long, unless it should appear that an identified engine had not been used during that period.

7. The court is not bound to accept every statement, however fanciful, as proof of a fact, or as amounting to more than a scintilla, —in this case recognizing at night an engine from the exhaust.

8. The causal connection between sparks given out from an engine and a fire, must be complete, not admitting other possibilities. If the evidence is not sufficient to establish this connection, the court should so declare as a matter of law.

Argued February 12, 1923. Appeal, No. 182, Jan. T., 1923, by defendant, from judgment of C. P. Lebanon Co., June T., 1921, No. 163, on verdict for plaintiff, in case of Charles S. Kalbach v. Phila. & Reading Ry. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ. Reversed.

Trespass for loss caused by fire. Before HENRY, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned,* inter alia, was order refusing judgment for defendant n. o. v., quoting record.

*L. Saylor Zimmerman* and *John T. Brady,* for appellant.—As all of the engines were clearly and satisfactorily identified by plaintiff, the evidence should have been confined to the condition of these engines, and the evidence as to emission of sparks before and after the fire by unidentified engines should not have been admitted: Erie Ry. Co. v. Decker, 78 Pa. 293; Albert v. R. R., 98 Pa. 316; Henderson v. R. R., 144 Pa. 461; Shelly v. Ry., 211 Pa. 160; Thomas, Roberts, Stevenson Co. v. Ry., 256 Pa. 549.

*Eugene D. Siegrist,* for appellee.—The locomotives of defendant company which passed appellee's warehouse

on the night of the fire, within the hours limited, not all having been identified and engine causing fire not having been identified, testimony was admissible that on other days during the permitted period sparks too large to come through a proper spark-arrester in good repair were emitted from defendant's engines: Oakdale Baking Co. v. Ry., 244 Pa. 463; Henderson v. R. R., 144 Pa. 461; Shelly v. Ry., 211 Pa. 160; Knickerbocker Ice Co. v. R. R., 253 Pa. 54; Badman v. R. R., 42 Pa. Superior Ct. 531.

The origin of the fire may be shown by circumstantial evidence and under that branch of the case the issue was clearly for the jury: McQuaide v. Ry., 67 Pa. Superior Ct. 425; Knickerbocker Ice Co. v. R. R., 253 Pa. 54; Emig v. Ry., 43 Pa. Superior Ct. 432; Derminer v. R. R., 42 Pa. Superior Ct. 538; Byers v. R. R., 222 Pa. 547.

OPINION BY MR. JUSTICE KEPHART, April 30, 1923:

Appellee's grain warehouse and outbuildings at Richland were destroyed by fire. He notified the insurance company of the loss, stating the origin of the fire was unknown. In the proof of loss, he assigned its cause as "Unknown; probably mice, combustion or defective wiring" and settled with the insurance companies. This action was instituted afterwards. In the statement of claim he avers the fire was caused by sparks negligently emitted from one of defendant's engines. A verdict was recovered, on which judgment was entered. There was no direct proof of negligence, and the court below properly limited the circumstantial evidence to those engines which passed within a reasonable time before the fire.

Plaintiff proved by daily record-sheets made by the operators on either side of Richland the identity of the locomotives passing the place where the fire occurred between eleven p. m. and the hour in the morning when the fire was discovered. These records were kept in obedience to the Interstate Commerce Act of Congress, and in conformity to an order of the federal commission.

This legislation is sufficiently comprehensive to cover intra- as well as interstate trains: Interstate Commerce Commission v. Goodrich Transit Co., 224 U. S. 194. The entries were official and the best evidence to prove the fact of engines passing a given point within certain periods of time; other evidence should not be introduced if these records are available, and they are always subject to a subpœna duces tecum. The number of each engine was registered at the time the engine passed the telegraph offices. Having thus committed the time to writing the moment the train departs, without any possible knowledge of the fire that was to occur later, the likelihood of fabrication to suit this event is very remote; as official records they stand correct until impeached by evidence sufficient to overcome their authenticity. Locomotives do not suddenly appear on main tracks without some knowledge on the part of the officers and employees as to how they came to be there; it would be a violation of law to move trains without keeping a record of the movement, unless they were being shifted. Richland had no transfer station, roundhouse or other place for keeping engines over night, at the end of a run or for local or other purposes of like nature; for an engine to pass this region it must pass one of these telegraph stations and be recorded by the operator.

Plaintiff availed himself of this evidence, and identified every engine passing Richland for a number of hours before the fire, whether a single engine hauling a train, or two engines similarly engaged, or an engine assisting, commonly called a "pusher." There is not the slightest evidence that any other locomotive than those marked on the train record-sheets passed Richland on the night of the fire.

Notwithstanding this identification, plaintiff was permitted to show that, on other days, for weeks before and after the fire, sparks were seen thrown from engines, regardless of their identity, or whether they passed Richland the night of the fire. If the known engines were in

proper condition it was immaterial what the unknown ones might have done at other times. Their negligent operation at such times was clearly immaterial, tending to confuse the jury, and to establish the fact of negligence from circumstances clearly unrelated to the specific negligence under investigation, and to the issue pending. The court below was in error in admitting this evidence of negligent management and operation of engines before and after the night of the fire, regardless of their identification: Erie Ry. Co. v. Decker, 78 Pa. 293, 295. "Where the fire is shown to have been caused,......or could have been caused, only by sparks from a particular engine that passed near the time when it started, the evidence must be confined to the condition of that engine": Shelly v. P. & R. Ry. Co., 211 Pa. 160, 164; and see Thomas, Roberts, Stevenson Co. v. P. & R. Ry. Co., 256 Pa. 549, 552. This is true even if the unknown engines emitted an unusual amount of large sparks: Albert v. Northern Central R. R. Co., 98 Pa. 316, 321. The present case is easily distinguishable from Oakdale Baking Co. v. P. & R. Ry. Co., 244 Pa. 463, and Knickerbocker Ice Co. v. P. R. R. Co., 253 Pa. 54.

Where such inquiry is proper, it should be limited to a reasonable time,—three weeks before and after is too long, unless it should appear that an identified engine had not been used during that period. One witness, in describing the conduct of an engine at night, stated he knew the engine from the exhaust. This draws largely on the imagination, but the court is not bound to accept every statement, however fanciful, as proof of a fact, or as amounting to more than a scintilla from which a fact may be inferred.

On the motion for judgment n. o. v., while it may be said in this advanced state of locomotion the probability of fires originating from causes other than railroads may have increased and new possible causes arisen, the rule as to circumstantial evidence with relation to fires still prevails; but its origin should be the natural and prob-

able result of the negligent conduct of the thing charged as culpable. The causal connection must be complete, not admitting other possibilities. If the evidence is not sufficient to establish this connection, the court should so declare as a matter of law.

With the evidence of negligent conduct of engines before and after the night of the fire out of the case, there is nothing from which to predicate recovery.

The judgment of the court below is reversed and is here entered for the defendant on its motion for judgment n. o. v.