## Statler, Appellant, v. Pennsylvania Railroad Co.

Argued January 28, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Edmund C. Wingerd,* with him *Minehart & Crider* and *William S. Hoerner,* for appellant.

*Walter K. Sharpe,* with him *John McD. Sharpe,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, March 18, 1929:

Plaintiff sued to recover the value of certain of his farm buildings and their contents, which were destroyed by a fire, caused, as he alleged, by sparks negligently emitted from one of defendant's locomotives. The jury rendered a verdict for plaintiff, the court in banc entered judgment for defendant non obstante veredicto, and plaintiff brings the present appeal. In considering it, all the testimony and inferences fairly deducible therefrom, which tend to sustain plaintiff's contention, must be accepted as true, and all unfavorable to him must be rejected: Vendig v. Union League of Phila., 291 Pa. 536; Moyer v. Blue Mountain Electric Co., 294 Pa. 265.

In its opinion directing the judgment, the court below, following what it conceived to be our ruling in Kalbach v. Phila. & Reading Ry., 277 Pa. 307, held that the train sheets of the defendant's railroad, kept as directed by the Interstate Commerce Commission, must be accepted as verity, and, since they did not show that any of defendant's locomotives passed near plaintiff's land about the time the fire began, the jury's finding that it was negligently caused thereby, must be set aside, and judgment entered in defendant's favor. Antagonizing this conclusion, plaintiff replies that there were nine

witnesses who testified to a train passing shortly before the fire, emitting live sparks and cinders of an inordinate size, and that the cross-examination of the railroad employees, who made the entries on the train sheets, showed that a number of those entries were erroneous in fact; and hence, even if the sheets, under other circumstances, would be given conclusive effect, they were not entitled thereto in the present instance, because, as stated in the opinion itself (277 Pa. 310), they were not to be so considered, where, as here, they were "impeached by evidence sufficient to overcome their authenticity." It is not necessary to consider this difference of opinion, however, for we are clear the judgment non obstante veredicto was erroneous in any event.

The train sheets showed that one of defendant's freight trains passed plaintiff's farm at 6:06 P. M., on the day of the fire, which was first noticed by the various witnesses, according to defendant's analysis of their testimony, between 6:25 P. M. and 7:10 P. M. Unless, then, there was evidence, so conclusive as to be irrebuttable, that such sparks as plaintiff alleges and the jury found were emitted from defendant's locomotive, could not have been cast on plaintiff's property at 6:06 P. M., and smoulder so that a fire caused thereby would not be observed by those who had no reason to anticipate it, until 6:25 P. M., the court should not, as a matter of law, have declared this to have been impossible. There was no such evidence. Plaintiff's witnesses, who first observed the fire, some as early as 6:25 P. M. and others as late as 7:10 P. M., did not say when the fire started; as to most of them it was well under way when they first noticed it. We cannot conclude, as a matter of law, that they were mistaken as to having seen the fire. We can understand the discrepancy in their recollection as to the exact time of day they first observed it, especially as they were only approximating the hour three years after the event. Even at the time of the fire, most of them were too busy, trying to save plaintiff's live stock and

farm machinery, to even note the time. Under such circumstances, the human memory is notoriously treacherous as to the exact time of an occurrence; it is notoriously exact as to the fact of such a startling event. The jury having determined, after an unobjectionable charge on the point, that the fire was caused by unusually large sparks thrown from one of defendant's locomotives, and there being abundant evidence to sustain the finding, its verdict, under the principle announced at the head of this opinion, should not have been held to be erroneous as a matter of law. Especially is this so, since a review of the evidence fails to disclose any other reasonable cause for the fire.

At the time the court below sustained defendant's motion for judgment non obstante veredicto, it also dismissed the rule for a new trial. We have no way of knowing, from the record, whether or not the rule was dismissed, as a matter of course, because the motion was sustained. By reason of this, we authorize the court below, in its discretion, to reinstate and redetermine the motion for a new trial.

The judgment is reversed and the record is remitted with a direction to enter judgment on the verdict, unless the court below, in its discretion, reinstates and makes absolute defendant's rule for a new trial.