## Statler, Appellant, v. Penna. R. R. Co.

Argued January 27, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Edmund C. Wingerd,* with him *Minehart & Crider* and *William S. Hoerner,* for appellant, cited: Class & Nachod Brewing Co. v. Giacobella, 277 Pa. 530; Danboro, etc., Turnpike Road v. County, 258 Pa. 391.

*John McD. Sharpe,* with him *Walter K. Sharpe,* for appellee, cited: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530; Danboro Turnpike Road v. County, 258 Pa. 391.

OPINION BY MR. JUSTICE SIMPSON, February 5, 1930:

Plaintiff sued and recovered a verdict for the destruction of his farm buildings and their contents, caused, as he alleged and the jury found, by the negligent emission of sparks from one of the locomotives of defendant. The court in banc dismissed defendant's rule for a new trial; but, relying on Kalbach v. P. & R. Ry., 277 Pa. 307, entered judgment in its favor non obstante veredicto. This was done, because it thought that no train scheduled on defendant's train sheets could have passed plaintiff's property at a time sufficiently close to the discovery of the fire to have been the cause of it. Plaintiff appealed, contending that he had offered sufficient evidence to impeach the authenticity of the train sheets, even if the Kalbach Case was applicable, since it decided they only "stand correct until impeached by evidence sufficient to overcome their authenticity": Ibid. page 310. We declined to pass on this disputed question, however, because we were satisfied the jury could properly have found, if it believed the evidence, that the fire was caused by sparks negligently emitted from the engine of the 6:06 P. M. train, which was shown on the train sheets. Hence we reversed the judgment, but gave leave to the court below, in its discretion, to reinstate

and make absolute defendant's rule for a new trial: Statler v. P. R. R. Co., 296 Pa. 222.

On the return of the record, it did reinstate that rule and made it absolute, at the same time filing an opinion setting forth its reasons for so doing. Plaintiff again appeals, asserting, in effect, that, by its opinion, the court below reasserts the conclusion set forth in its prior opinion ordering judgment non obstante veredicto, and intimates that it will rule the same way on the retrial. Parts of the opinion now being considered, if taken alone, might be mistakenly so understood, but a reading of the whole of it will show it is not fairly subject to such a criticism. When we determined that the judgment non obstante veredicto must be reversed for the reason above stated, we necessarily decided also that the evidence on which that finding might have been based was admissible evidence, for otherwise its exclusion from consideration by the court below would have been a harmless error, if error at all, and for harmless error we do not reverse: O'Bara v. Bielecka, 279 Pa. 307; Wagner-Taylor Co. v. Spinelli, 295 Pa. 455.

We have never decided what character and quantity of evidence is "sufficient to overcome the authenticity" of train sheets. One of our reasons for refusing to pass on this question, in our earlier opinion, was because the evidence may be somewhat different on the retrial, and our résumé of that which now appears might be useless and possibly misleading. The same reason still exists. Moreover, we are entitled to have the aid and assistance of the court below in deciding this question whenever it arises, on facts which are then fixed, so that our opinion may end the particular controversy.

Assuming that the evidence on the retrial will be substantially the same as on the previous one, the following issues of law and fact will have to be decided: 1st. It will be for the jury to say whether or not the fire was caused by sparks negligently emitted by the engine of the 6:06 P. M. train. 2d. It will be for the court

to decide whether or not the evidence is sufficient to submit to the jury on the question as to whether or not the fire was caused by sparks negligently emitted by the engine of a train not appearing on the train sheets; always bearing in mind, when so deciding: (a) Whether or not the accuracy of the entries on the train sheets is supported by the oral evidence of interested or disinterested witnesses; (b) Whether or not (especially if there is no other evidence of a different origin) the proofs are sufficient, if believed, to justify the jury in deciding that the fire was caused by sparks negligently emitted from an unidentified engine of defendant, if they find it was not caused by the engine of the 6:06 P. M. train; (c) The rule of law that binding instructions cannot properly be given in favor of one party, whether on the point of the other's right to recover generally or on a particular theory, unless, after accepting as true all the evidence of the other party which is favorable to his contention,—except such testimony as is inherently improbable, or is contradicted by unimpeached writings or by unquestioned physical facts,—and, after rejecting all the adverse testimony of the party seeking binding instructions, no other course is reasonably possible; and (d) That, as expressed in the Kalbach Case (277 Pa. 311), although the proof must be measured by a severer standard than required in other cases, nevertheless "the rule as to circumstantial evidence with relation to [such] fires still prevails." Finally 3d. If the evidence referred to in the second point is submitted to the jury, it will be for them to say whether or not the fire was caused by sparks negligently emitted from an unidentified engine of defendant.

None of these issues, limited as stated, has ever been specifically decided by either court or jury. For this reason, it was not an abuse of discretion to grant a new trial in order that they may be; yet, in a case of this kind, such an abuse must clearly appear, or we will not

reverse because a new trial was granted: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530; March v. Phila. & West Chester Traction Co., 285 Pa. 413.

The order of the court below is affirmed.