McElhinny *v.* Iliff, Appellant.

Argued October 7, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Cyril T. Garvey,* with him *Evans and Garvey,* for defendant, appellant.

*Francis J. Fornelli,* with him *P. R. Bartholomew,* and *Cusick, Madden, Joyce & McKay,* for plaintiffs, appellees.

*James A. Stranahan, III,* with him *Stranahan & Stranahan,* for additional defendant, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 9, 1970:

Defendant Dorothy Iliff appeals from two verdicts against her in a trespass action resulting from an automobile collision with the car driven by appellee Vincent McElhinny, in which appellee Francis McElhinny was a passenger. The accident took place on Route 18,

508

a paved two-lane highway running north and south, at a place south of the Borough of Greenville, Pennsylvania. The accident happened at approximately 9:00 P.M. The weather was cold and clear, the surface of the road was slippery, icy and slushy. The McElhinnys were returning from a hunting trip, proceeding *south* on Route 18. They intended to turn left into a lane but had apparently stopped, to wait until a northbound car had passed them in the opposite lane. It is a matter of some dispute whether or not their *brake and turnsignals* were on. Defendant's car was also proceeding *southward* on Route 18, some distance behind the McElhinny car. Defendant's car struck the rear end of the McElhinny car, causing substantial damage to both cars and injuring both Francis and Vincent McElhinny.

The McElhinnys filed suit against the defendant. Defendant obtained a severance of the plaintiffs' claims and filed a complaint joining Vincent McElhinny (the driver of the McElhinny car) as an additional defendant in the action brought by Francis McElhinny (the passenger in the McElhinny car), alleging that the collision was due to the negligence of Vincent McElhinny *in stopping without lights, without turnsignals,* and failing to keep a proper watch on traffic approaching from the rear.

At the close of the trial, the lower Court instructed the jury that the *defendant was negligent as a matter of law for failing to maintain the statutory assured clear distance ahead.* The Court further instructed the jury that whether (the driver) Vincent failed to give a signal of his intention to turn (as required by The Vehicle Code, namely, the Act of April 29, 1959, P. L. 58, §1012, 75 P.S. §1012) was immaterial, but that if Vincent failed to have his tail-lights on, and if that was a proximate cause of the accident, then they could find him contributorily negligent and deny him any recovery from the defendant, Mrs. Iliff.

The jury returned verdicts of $18,000 for Vincent (the driver) against the defendant (Mrs. Iliff) and $15,000 for Francis (the passenger) against the defendant (Mrs. Iliff) alone. Motions for a new trial were denied and judgment was entered upon the verdicts.

In this appeal, Mrs. Iliff makes two contentions: First, that the trial Court erred in instructing the jury that the defendant was *negligent as a matter of law*; second, that the trial Court also erred in instructing the jury that whether or not Vincent (the driver) failed to give the required *turn signal* was immaterial to the question of contributory negligence.

The "assured clear distance ahead rule" finds its statutory genesis in The Vehicle Code, Act of May 1, 1929, P. L. 905, 973, §1002, as amended, which provides in part: ". . . no person shall drive any vehicle, upon a highway . . . *at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead.*"*

In *Enfield v. Stout,* 400 Pa. 6, 161 A. 2d 22, this Court said (page 11) : "For many years under the law of Pennsylvania it has been the rule that the driver of an automobile on a public highway must be alert to have it under such control that he can stop it within the 'assured clear distance ahead.' This requires that the driver operate his automobile at such a rate of speed and *in such a manner that he can always stop it within the distance that he can clearly see*: Metro v. Long Transportation Company, 387 Pa. 354, 127 A. 2d 716 (1956). By this is meant the *range of the driver's vision* which, of course, *in darkness is the scope of his headlights*: Weibel v. Ferguson, 342 Pa. 113, 19 A. 2d 357 (1941)."

See, also, *Griffith v. Weiner,* 373 Pa. 184, 95 A. 2d 517, in which the Court, after quoting the above underlined language, said (page 187) : " 'What this dis-

---

* Italics throughout, ours, unless otherwise noted.

tance will be will vary according to the visibility at the time and other attending circumstances.' "

The trial Judge in his charge to the jury told them that Mrs. Iliff had violated this rule and was, therefore, negligent as a matter of law. The Judge left to the jury the issue of whether or not this violation had been the proximate cause of the accident, but gave the jury no opportunity to determine whether or not Mrs. Iliff had violated the "assured clear distance ahead rule" or had in any other way conducted herself negligently.

In *Engle v. Spino*, 425 Pa. 254, 228 A. 2d 745, the Court said (page 257) : " 'The mere happening of an accident or the mere fact that a moving vehicle collides with . . . another vehicle does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence: Bohner v. Eastern Express, Inc., 405 Pa. 463, 175 A. 2d 864; Stimac v. Barkey, 405 Pa., supra; Gatens v. Vrabel, 393 Pa. 155, 142 A. 2d 287; Schofield v. King, 388 Pa., supra; Ebersole v. Beistline, 368 Pa. 12, 82 A. 2d 11; Hulmes v. Keel, 335 Pa. 117, 6 A. 2d 64; Niziolek v. Wilkes-Barre Railway Corp., 322 Pa. 29, 185 A. 581. . . .' " See, also, *Miller v. Delaware Co. Memorial Hospital*, 428 Pa. 504, 239 A. 2d 340.

In *Heffernan v. Rosser*, 419 Pa. 550, 215 A. 2d 655, this Court said (pages 554-555) : ". . . (2) 'where there is *any*[*] evidence which alone would justify an inference of the disputed fact, it must go to the jury, no matter how strong or persuasive may be the countervailing proof. . . .' [citations omitted]."

In *Varallo v. Pa. R. R. Co.*, 424 Pa. 1, 225 A. 2d 552, we said (page 3) : "It is well established that it is error for a trial court to direct a verdict for a plaintiff whose claim rests upon oral testimony even if that testimony is uncontradicted and unimpeached, because the credibility of the witnesses is always for the jury.

---

[*] Italics in *Heffernan v. Rosser*.

Savidge v. Metropolitan Life Insurance Company, 380 Pa. 205, 110 A. 2d 730 (1955); Nanty-Glo Boro. v. American Surety Co., 309 Pa. 236, 163 Atl. 523 (1932)."

In similar situations, namely, binding instructions or a directed verdict, a similar principle of law has often been enunciated. In *Statler v. Penna. R. R. Co.*, 299 Pa. 321, 149 Atl. 494, the Court pertinently said (page 324) : "The rule of law [is] that binding instructions cannot properly be given in favor of one party, whether on the point of the other's right to recover generally or on a particular theory, unless, after accepting as true all the evidence of the other. party which is favorable to his contention,—except such testimony as is inherently improbable, or is contradicted by unimpeached writings or by unquestioned physical facts,—and, after rejecting all the adverse testimony of the party seeking binding instructions, no other course is reasonably possible. . . ."

In *Cattie v. Joseph P. Cattie & Bros.*, 403 Pa. 161, 168 A. 2d 313, the Court said (page 162) : "On appeal from a directed verdict for the defendant we take the plaintiff's evidence as true, giving plaintiff the benefit of all favorable evidence and all reasonable inferences arising therefrom: Thompson v. Gorman, 366 Pa. 242, 246, 77 A. 2d 413; Valera v. Reading Co., 349 Pa. 123, 124, 36 A. 2d 644."

Viewing the evidence in this slippery, icy, slushy road situation most favorably to the defendant, and giving her the benefit of all reasonable inferences therefrom, Mrs. Iliff cannot be held negligent as a matter of law. No expert testified as to what would constitute the "assured clear distance ahead" on such a road surface, under such conditions. There is conflicting evidence of how fast Mrs. Iliff was traveling when she first sighted the McElhinny car. While it is uncertain how close Mrs. Iliff's car was to the McElhinny car

when she first saw it, Mrs. Iliff testified that she was within some two or three car lengths of the McElhinny car when she first saw it, although she was very uncertain as to the exact distance. It is certainly possible that when the McElhinny car first came into view, Mrs. Iliff was maintaining the assured clear distance ahead and her failure to stop was due either to the slippery, icy condition of the road or to her misconception that the McElhinny car was moving, a misconception induced by the failure of the McElhinny car to have its tail-lights or turnsignals on. The mere fact that Mrs. Iliff's car went into a skid on this icy, slippery road is *not conclusive* evidence that she did not have her car under control, or of any negligence; the question of negligence in such cases is for the jury to decide. *Lundin v. Heilman*, 375 Pa. 315, 100 A. 2d 626; *Richardson v. Patterson*, 368 Pa. 495, 84 A. 2d 342. See, also, *Gebhardt v. Wilson Freight Forwarding Co.*, 348 F. 2d 129 (3d Cir. 1965).

Under all the evidence in this case, giving defendant the benefit of all the evidence favorable to her, together with all reasonable inferences therefrom, it was error for the trial Court to hold that Mrs. Iliff was negligent as a matter of law.

Judgments reversed; new trials ordered.

Mr. Justice ROBERTS concurs in the result on the ground that the trial Court erred in not leaving the issue of defendant's negligence to the jury.