437 Pa. Superior Ct. 642 (1994)
650 A.2d 1090
Gwendolyn and Fred ANDERSON, Appellants,
v.
Thomas M. MOORE.
Superior Court of Pennsylvania.
Argued October 20, 1994.
Filed December 14, 1994.
*644 Aaron M. Spiezer, Philadelphia, for appellants.
D. Louis Nicholson, Philadelphia, for appellee.
Before CIRILLO, OLSZEWSKI and HESTER, JJ.
CIRILLO, Judge:
This is an appeal from an order entered in the Court of Common Pleas of Philadelphia County granting Appellee Thomas Moore's motion for summary judgment. We reverse the order and remand for trial.
On the morning of September 6, 1989, Appellant Gwendolyn Anderson, traveling westbound on Adams Avenue, stopped for a red traffic light at the Tabor Road intersection. Subsequent to the light turning green, Anderson attempted to turn left onto Tabor. She never made it. Moore, traveling eastbound on Adams in his 1988 Ford Taurus, slammed into the passenger side of Anderson's vehicle, knocking it towards the intersection's southeastern curb.
Upon impact, Anderson suffered numerous injuries as her body was hurled into the vehicle's passenger seat. These injuries included forehead abrasions (as her skull shattered the vehicle's windshield) and a laceration to her right calf (as her leg ripped off the gear shift). Further, Anderson's attending physician confined her to her home for two weeks of rest.
On March 22, 1991, Anderson commenced the instant action against Moore seeking damages for her personal injuries. Fred, Anderson's husband, filed a claim for loss of consortium. Moore and Gwendolyn Anderson gave depositions on September 10, 1992. No one witnessed the accident.
*645 On May 3, 1993, Moore filed a motion for summary judgment. In an order entered on June 21, 1993, the motion was granted by the Honorable Steven R. Geroff based upon his determination that the Andersons could prove that the accident occurred but could not make out a claim for negligence. See McElhinny v. Iliff, 436 Pa. 506, 510, 260 A.2d 739, 741 (1970) ("The mere happening of an accident or the mere fact that a moving vehicle collides with . . . another vehicle does not establish negligence nor raise an inference or presumption of negligence nor make out a prima facia case of negligence.")
On appeal, the Andersons raise the following issue for review: Did the trial court properly decide, as a matter of law in a motion for summary judgment rather than a jury, that a defendant approaching an intersection which strikes a vehicle completing a left turn is not negligent?
At the outset, we note that when we review the grant of a motion for summary judgment made under Pa. R.C.P. 1035, our scope of review is well-settled: summary judgment is properly granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). Summary judgment should be granted only in the clearest case, where the right is clear and free from doubt. Musser v. Vilsmeier Auction Co. Inc., 522 Pa. 367, 369, 562 A.2d 279, 280 (1989). The moving party has the burden of proving that there is no genuine issue of material fact. Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 412 A.2d 466 (1979). The record and any inferences therefrom must be viewed in the light most favorable to the nonmoving party, and any doubt must be resolved against the moving party. Davis v. Pennzoil, 438 Pa. 194, 264 A.2d 597 (1970). The trial court will be overturned on the entry of summary judgment only if there has been an error of law or a clear abuse of discretion. Hetrick v. Apollo Gas Co., 415 Pa.Super. 189, 608 A.2d 1074 (1992).
In Pennsylvania, a body of caselaw has established the "assured clear distance ahead rule." This law was consolidated *646 and clearly explained by this court in Unangst v. Whitehouse, 235 Pa.Super. 458, 344 A.2d 695 (1975):
Originally a common law principle, the "assured clear distance ahead" rule is a part of The Vehicle Code, Act of May 1, 1929, P.L. 905 § 1002, as amended, 75 P.S. § 1002 (1971), which provides, inter alia, that no "person shall drive any vehicle upon a highway . . . at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead." The assured clear distance ahead rule has been held to require that a driver operate his vehicle in such a manner that he can always stop within the distance he can clearly see. Otherwise stated, the rule requires that such control be maintained as will enable a driver to stop and avoid obstructions that fall within his vision.
It is apparent that this distance, the range of a driver's vision, may vary according to the visibility at the time and other attendant circumstances. . . .
When an obstacle is encountered by a driver which is within his line of travel, the distance to the obstacle becomes the time and distance limitation at the moment that the obstacle comes into view. The driver must carefully watch so that he can see, if this is reasonably possible, any obstacles in his way, and can stop before a collision with it.
Id. at 463-64, 344 A.2d at 698 (citations omitted).
Instantly, Gwendolyn Anderson stated in her deposition that after the light had turned green, she pulled her car up to the intersection and then stopped to wait for a few eastbound cars to pass. At this point she looked down Adams and saw no eastbound cars for a "good half a block." Immediately upon completion of this visual scan, she proceeded to make the left turn. At the point of impact, Mrs. Anderson had progressed so far into the turn that her headlights were pointing directly south on Tabor. Mrs. Anderson also stated that the accident occurred sometime after 7:30 A.M., the weather conditions were "good," and that the speed limit on Adams was thirty miles per hour.
*647 Accepting these facts as true, and giving the Andersons the benefit of all reasonable inferences to be drawn therefrom, we find that Judge Geroff erred in determining that the plaintiffs could prove nothing beyond the mere occurrence of an accident.
The fact that the weather conditions were "good" and the fact that the accident occurred sometime after 7:30 A.M. allows us to infer that Moore had clear visibility. Further, Mrs. Anderson was a "good half block" from any eastbound traffic when she initiated her turn and was totally facing south when struck. These facts, compounded with the fact that the speed limit on Adams Avenue is thirty miles per hour, allow us to infer that Moore was provided with ample time and distance to react when Anderson's car came into his view. Thus, beyond merely establishing that an accident had occurred, Mrs. Anderson's deposition enables us to find that Moore may have acted negligently by violating the "assured clear distance ahead rule."
Moore has correctly noted that where a driver is confronted with an object which unexpectedly appears within his assured clear distance, the assured clear distance doctrine is negated by applicability of the sudden emergency doctrine, since the driver has already mentally cleared that distance and no further duty is imposed. McKee by McKee v. Evans, 380 Pa.Super. 120, 551 A.2d 260 (1988). However, a review of the record in the light most favorable to the Andersons establishes that no sudden emergency existed. Mrs. Anderson's deposition establishes that Moore had at least a half-block to react to Anderson's vehicle during clear visibility. Accepting this as the truth, we find that there is a genuine issue as to whether Anderson's vehicle entered Moore's path beyond the range of his previously assured clear distance.
We find that the trial court abused its discretion in determining that the Andersons had failed to adequately plead a cause of action. At the very least, Moore's right to summary judgment remains clouded in doubt. At trial, the fact-finder is clearly free to disbelieve the claims Mrs. Anderson *648 set forth in her deposition, and, consequently, the plaintiffs' tort action may fail. However, such a determination is an issue of material fact and should not have been decided by the trial court when granting summary judgment. Pa. Gas & Water Co. v. Nenna Frain, Inc., 320 Pa.Super. 291, 299, 467 A.2d 330, 333 (1983) ("In ruling on a motion for summary judgment it is not the court's function to decide issues of fact but to decide whether there is a genuine issue of fact to be tried.") When this court accepts Mrs. Anderson's deposition as the truth, as required under our standard of review, we find that she has clearly set forth a cause of action and should be allowed to proceed to trial.
Reversed and remanded. Jurisdiction relinquished.
OLSZEWSKI, J., files a concurring opinion.
OLSZEWSKI, Judge, concurring:
I concur in the majority opinion and write separately only to further clarify the applicability of the assured clear distance ahead rule in intersectional accident cases.
As discussed in Judge McEwen's well-reasoned opinion in Cannon v. Tabor, a number of factors preclude the application of the assured clear distance ahead rule. 434 Pa.Super. 232, 239, 642 A.2d 1108, 1112 (1994). One such factor is whether the object within the approaching motorist's assured clear distance is static or essentially static. Id.
The law is not clear on whether a vehicle, moving perpendicularly to another vehicle approaching an intersection, is essentially static. In a line of cases culminating in Unangst v. Whitehouse, this Court has held that a car moving perpendicularly is essentially static, as it is not reducing the distance between it and the oncoming car. 235 Pa.Super. 458, 468, 344 A.2d 695, 700 (1975). See also Enfield v. Stout, 400 Pa. 6, 161 A.2d 22 (1961); Reifel v. Hershey Estates, 222 Pa.Super. 212, 217-18, 295 A.2d 138, 141 (1972). However, in footnote 4 of Tabor, Judge McEwen indicated his disagreement with that rule stating, "as the rule applies only to static or essentially static objects, it was inapplicable to this situation in which the *649 vehicles were in motion and were perpendicularly positioned." 434 Pa.Super. at 243, 642 A.2d at 1114 n. 4.
The best approach, hinted at by Judge McEwen in Tabor, seems to be that a perpendicularly moving vehicle may be found essentially static if it entered the intersection outside of an approaching motorist's assured clear distance.[1]Id. at 246, 642 A.2d at 1115. If the vehicle turns perpendicularly into the intersection within the approaching driver's assured clear distance, then the driver "has already mentally cleared the distance ahead and the sudden interjection of an instrumentality within the range thereof is not within the specific duty imposed by the [assured clear distance] rule." Id. at 247, 642 A.2d at 1116 (citing Whitehouse, 235 Pa.Super. at 465-66, 344 A.2d at 699) (emphasis in original). In such a case, the choice of standards of care is between an emergency doctrine standard (if the entry occurred suddenly), or the regular duty of care and control of the road (if the entry occurred at a sufficient distance to allow the driver enough time in which to stop). If the vehicle entered the intersection outside of the approaching motorist's assured clear distance, however, then the perpendicular vehicle is essentially a static object. It was in the intersection when the intersection came within the approaching driver's assured clear distance, and it was not moving toward the approaching vehicle so as to reduce the assured clear distance.
In the present case, a factual dispute exists regarding the events leading up to the accident. Summary judgment is inappropriate because appellant might still make out a violation of the assured clear distance rule. Appellant alleges that her car was moving perpendicularly to appellee's approaching vehicle. Under the above analysis, a characterization of her car as essentially static turns on whether she entered the intersection outside of or within appellee's assured clear distance. She claims that she did not see appellee approaching *650 when she entered the intersection. If we draw all reasonable inferences in her favor, we could infer that since she could not see him, she turned into the intersection outside of his assured clear distance. Therefore, her vehicle is essentially static and the rule is potentially applicable.
Since appellant could possibly make out a violation of the assured clear distance ahead rule, summary judgment was improper at this stage. Appellant should have the opportunity to make out her prima facie case.[2] If she fails to do so, the trial judge has a number of ways to dispose of the suit after appellant rests her case.
NOTES
[1] A motorist's assured clear distance is essentially the distance that he or she can see ahead. Tabor, 434 Pa.Super at 238, 642 A.2d at 1111 (the assured clear distance rule requires a driver to be able to stop his or her vehicle "within the distance that he/she can clearly see").
[2] If appellant succeeds in making out a prima facie case of negligence based on the assured clear distance ahead rule, and appellee continues to assert that he was driving slowly when appellant turned suddenly in front of him, then this could be one of the rare situations where it would be proper to instruct the jury on both the assured clear distance ahead rule and the sudden emergency doctrine. Tabor, 434 Pa.Super. at 242, 642 A.2d at 1113 n. 4 (finding dual instructions proper only when, due to disputed facts, "the very existence of facts which could support a finding of a sudden emergency was a question for the jury"). "The dual instruction assures that the jury has the applicable law for whatever factual scenario they find occurred." Papandrea v. Hartman, 352 Pa.Super. 163, 170, 507 A.2d 822, 826 (1986) (citing Ernst v. Ace Motor Sales, 550 F.Supp. 1220, 1226 (E.D.Pa.1982), affirmed without opinion, 720 F.2d 661 (3d Cir.1983)).