661 A.2d 17

**Ronald LEHMAN, Appellant,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, Appellee.**

Superior Court of Pennsylvania.

Argued April 20, 1995.

Filed July 11, 1995.

186

William L. Keller, Philadelphia, for appellant.

Christopher J. Haare, Philadelphia, for appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

WIEAND, Judge:

Ronald Lehman, an employee of National Railroad Passenger Corporation (Amtrak), was injured when train passengers allowed a trunk to fall on his foot. Lehman filed an action against his employer under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, et seq.[1] He contended that his injury had been caused by the negligence of Amtrak in failing to provide him with a safe place to work. The trial court, on motion of Amtrak, entered summary judgment dismissing the

---

1. The provisions of 45 U.S.C. § 51, in pertinent part, are as follows:
 Every common carrier by railroad while engaging in commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

cause of action.[2] Lehman appealed. After careful review, we affirm.

State courts enjoy concurrent jurisdiction with the federal courts in actions under FELA. 45 U.S.C. § 56. "[T]hose FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal." *Harding v. Consolidated Rail Corp.*, 423 Pa.Super. 208, 216, 620 A.2d 1185, 1188 (1993).

 Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b).

> Summary judgment should be granted only in the clearest case, where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co. Inc.*, 522 Pa. 367, 369, 562 A.2d 279, 280 (1989). The moving party has the burden of proving that there is no genuine issue of material fact. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979). The record and any inferences therefrom must be viewed in the light most favorable to the nonmoving party, and any doubt must be resolved against the moving party. *Davis v. Pennzoil*, 438 Pa. 194, 264 A.2d 597 (1970). The trial court will be overturned on the entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *Hetrick v. Apollo Gas Co.*, 415 Pa.Super. 189, 608 A.2d 1074 (1992).

*Anderson v. Moore*, 437 Pa.Super. 642, 645, 650 A.2d 1090, 1092 (1994). Under FELA,

> the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on

2. The trial court granted a motion to reconsider but subsequently reinstated the summary judgment.

grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death.

*Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 506–507, 77 S.Ct. 443, 448–449, 1 L.Ed.2d 493, 499 (1957) (footnotes omitted). The Superior Court has said that "only in the most frivolous cases may the courts deny an FELA plaintiff his qualified right to a jury trial." *Ciarolla v. Union R.R.*, 235 Pa.Super. 137, 141, 338 A.2d 669, 671 (1975) (en banc).

 A cause of action for negligence under FELA requires a want of due or ordinary care, proximate causation of the injury, and an injury. *Urie v. Thompson*, 337 U.S. 163, 177, 69 S.Ct. 1018, 1028, 93 L.Ed. 1282, 1296 (1949). See: *Tiller v. Atlantic Coast Line R. Co.*, 318 U.S. 54, 67, 63 S.Ct. 444, 451, 87 L.Ed. 610, 617 (1943) ("the employer's liability is to be determined under the general rule which defines negligence"). Furthermore,

At common law the duty of the employer to use reasonable care in furnishing his employees with a safe place to work was plain. 3 Labatt, Master & Servant (2d ed.) § 917. That rule is deeply engrained in federal jurisprudence. *Patton v. Texas & P. Ry. Co.*, 179 U.S. 658, 664, 21 S.Ct. 275, 277, 45 L.Ed. 361, and cases cited; *Kreigh v. Westinghouse, C., K. & Co.*, 214 U.S. 249, 256, 257, 29 S.Ct. 619, 621, 622, 53 L.Ed. 984; *Kenmont Coal Co. v. Patton*, 6 Cir., 268 F. 334, 336. As stated by this Court in the Patton case it is a duty which becomes "more imperative" as the risk increases. "Reasonable care becomes, then, a demand of higher supremacy, and yet, in all cases it is a question of the reasonableness of the care, reasonableness depending upon the danger attending the place or the machinery." 179 U.S. page 664, 21 S.Ct. page 278, 45 L.Ed. 361. It is that rule which obtains under the Employers' Liability Act. See *Coal & Coke Ry. Co. v. Deal*, 4 Cir., 231 F. 604; *Northwestern*

*Pac. R. Co. v. Fiedler,* 9 Cir., 52 F.2d 400; *Thomson v. Boles,* 8 Cir., 123 F.2d 487; 2 Roberts, Federal Liabilities of Carriers (2d ed.) § 807. That duty of the carrier is a "continuing one" (*Kreigh v. Westinghouse, C., K. & Co.,* supra, 214 U.S. page 256, 29 S.Ct. page 622, 53 L.Ed. 984) from which the carrier is not relieved by the fact that the employee's work at the place in question is fleeting or infrequent.

*Bailey v. Central Vt. Ry.,* 319 U.S. 350, 352–353, 63 S.Ct. 1062, 1064, 87 L.Ed. 1444, 1447 (1943). "Of course in any case the standard of care must be commensurate to the dangers of the business." *Tiller,* 318 U.S. at 67, 63 S.Ct. at 451, 87 L.Ed. at 618.

■ FELA, however, does not transform an employer into an insurer. *Inman v. Baltimore & O.R.R.,* 361 U.S. 138, 140, 80 S.Ct. 242, 243, 4 L.Ed.2d 198, 201 (1959). "[R]easonable foreseeability of harm is an essential ingredient of [FELA] negligence." *Gallick v. Baltimore & O.R.R.,* 372 U.S. 108, 117, 83 S.Ct. 659, 665, 9 L.Ed.2d 618, 626 (1963).

■ Lehman, a long-time employee of Amtrak, was working as an assistant conductor on a Metroliner train originating in Washington, D.C., with stops in Baltimore, Wilmington, Philadelphia and New York. His duties included the screening of passengers who were carrying unwieldly, large or heavy luggage. If the luggage was too large or too heavy, the passenger was instructed to check the same instead of carrying it on the train. Lehman's duties also required that he assist passengers with the storage of their luggage where this could be done without injury to himself. Finally, appellant was charged with collecting tickets and making station announcements.

Each passenger car had an overhead luggage area and a small room for garment bags in which other items could also be stored. During his years of employment by Amtrak, appellant had frequently directed passengers to check large and unwieldly luggage in the baggage car. He knew that luggage was not to be allowed in the aisle, and he was able to

detect readily if luggage was too large for the overhead storage area. On the day of the accident, the aisle was clear, and appellant had not observed any luggage that had been stored unsafely in the overhead storage area. More specifically, there was no evidence that the trunk which was allowed to fall on his foot had been too large or unwieldly to have been stored in the overhead area. Appellant, himself, concedes that he did not observe the trunk until the moment when two passengers allowed it to fall on his foot. Under these circumstances, we agree with the trial court that appellant's evidence was insufficient to establish that Amtrak had been negligent in failing to provide appellant with a safe place in which to work. The evidence shows only that an accident happened; there is no evidence that it was caused by Amtrak's negligence.

Appellant argues, however, that on the day of the accident the train's public address system was not operational, and this made it necessary for him to walk through the cars assigned to him on occasions when he might otherwise have used the public address system. He concedes, however, that other duties required that he be physically present in the cars. Therefore, we are constrained to agree with the trial court that the failure of the public address system was not a legal cause of the accident which caused appellant's injury.

The trial court found support for its decision in an opinion filed by the Court of Appeals for the First Circuit in *Conway v. Consolidated Rail Corp.*, 720 F.2d 221 (1st Cir.1983), *cert. denied*, 466 U.S. 937, 104 S.Ct. 1911, 80 L.Ed.2d 459 (1984). Appellant argues that *Conway* was incorrectly decided and, in any event, can be distinguished factually from the instant case. Even if not controlling, we agree with the trial court that *Conway* suggests the manner in which the Court of Appeals for the First Circuit views a factual scenario similar to that in the instant case.

The order entering summary judgment is affirmed.