## Diamond State Insurance Co. v. Bosco

C.P. of Westmoreland County, no. 5170 of 1999.

*Peter E. Kanaris,* for plaintiff.

*John N. Ellison* and *Timothy P. Law,* for defendant diocese.

*P. Brennan Hart,* for counterclaim defendant Gallagher Bassett.

ACKERMAN, *P.J.,* May 28, 2002—Before the court are the motions for summary judgment filed by the plaintiffs (insurers), defendants (diocese) and counterclaim defendant (Gallagher Bassett). For the reasons that follow, the motions for summary judgment will be granted in part and denied in part.

Summary judgment should be granted only in the clearest of cases, where "the right is clear and free from doubt." *Anderson v. Moore,* 437 Pa. Super. 642, 645, 650 A.2d 1090, 1092 (1994). But for the exceptions noted below pertaining to the loss in progress and fortuity doctrines, this is not such a case.

Contrary to the insurers' assertion at oral argument, I do not find that *Miller v. Boston Insurance Company,* 420 Pa. 566, 228 A.2d 275 (1966), supports the insurers' claim that Pennsylvania has adopted fortuity as an affirmative defense.

At oral argument, the insurers also relied upon a fact sheet published prior to a parish assembly scheduled for April 25, 1999, which was meant to provide an exchange of ideas concerning the physical plant crisis pertaining to the school building. (See fact sheet, pls.' combined reply in supp. and resp. to defs.' cross-mot. for summ. j., exhibit 5.) The insurers ask me to regard this as an admission by the diocese. However, after careful reading of the fact sheet, in particular the last paragraph, it appears that the sheet was published by the parishioners of St. Agnes Parish, who are not parties to this action.

The diocese's motion for partial summary judgment, if granted, would deny the insurers the affirmative defenses of the loss in progress, fortuity and known loss doctrines. I find that the loss in progress and fortuity

doctrines have not been adopted by Pennsylvania courts and are not appropriate. Therefore, the diocese's motion for partial summary judgment will be granted as to those two doctrines. However, the parties should note that at trial, I will apply the known loss doctrine as set forth by the Superior Court of Pennsylvania in *Rohm and Haas Company v. Continental Casualty Company,* 732 A.2d 1236 (Pa. Super. 1999).[1] The narrow standard of the known loss doctrine will apply because the diocese is an unsophisticated insurance consumer. Therefore, the insurers may rely on this affirmative defense at trial and have the burden of proving that the diocese had actual knowledge of a loss that would give rise to a particular legal liability for which coverage was later sought.

The counterclaim defendant, Gallagher Bassett, moves for summary judgment based upon its contention that no duty was owed by Gallagher Bassett to the diocese and, therefore, the diocese's counterclaim against it for breach of contract and negligence should fail. Gallagher Bassett maintains that no duty was owed since the written contract between the parties did not provide for risk control/ safety inspections. Also, Gallagher Bassett argues that it was not the diocese's insurance broker, but rather was the third-party claims administrator on behalf of the diocese. In opposition to the motion, the diocese argues that the duty to inspect arises from the course of dealing between the parties consisting of written contracts providing for inspections spanning more than 20 years. Fur-

---

1. The Superior Court decision is of precedential value since it was not overruled by the 3-1-3 vote of the Pennsylvania Supreme Court in *Rohm and Haas Co. v. Continental Casualty Co.,* 560 Pa. 464, 781 A.2d 1172 (2001). See *Ellis v. Sherman,* 330 Pa. Super. 42, 478 A.2d 1335 (1994).

thermore, although the latest policy did not provide for Gallagher Bassett to perform an inspection, the diocese argues that Gallagher Bassett voluntarily assumed the duty to inspect when it performed a risk inspection in 1997. As there exist genuine issues of material fact as to whether Gallagher Bassett owed a duty to the diocese, Gallagher Bassett's motion for summary judgment will be denied.

### ORDER

And now, May 28, 2002, partial summary judgment is granted in favor of the diocese on the issue of excluding the loss in progress and fortuity doctrines. The remaining motions for summary judgment are denied.