**Frank v. Mailboxes Etc.**

C.P. of Centre County, no. 2003-1373.

*Samuel Frank Jr.,* pro se.
*Chena L. Glenn-Hart,* for defendant.

KISTLER, *J.,* November 5, 2004—The subject of this opinion and order is defendant's brief in opposition to plaintiff's motion for summary judgment. Defendant is being sued for allegedly breaching a contract. In particular, plaintiff contends that defendant disposed of certain documents that were contracted to be copied. As a result of not having the documents, plaintiff alleges that he missed a filing date for an appeal and was ultimately denied access to the court system.

It is plaintiff's position that there are no genuine issues of material fact because defendant breached their contract by disposing of his documents. Plaintiff contends that he entered into a contract with defendant whereby defendant would copy certain documents for a fee. Plaintiff alleges the contract price for the copying services was $144.05, which he paid in full. Plaintiff is currently incarcerated at SCI Rockview, and was going to use the documents in support of an appeal. Plaintiff alleges that, due to defendant's actions, he missed his appeal deadline and that defendant therefore "denied him access to the courts." As such, plaintiff is seeking damages in an unspecified amount.

Defendant, on the other hand, contends that there is a genuine issue of material fact. Defendant suggests that the price for copying is a material term in the contract. Since there is a disagreement regarding this term, there is a question regarding whether or not the parties formed a valid contract.

The disputed issue in this case is whether a discrepancy between the parties regarding the cost of services would require a court to deny a motion for summary judgment.

Defendant supports its position by contending that it is undetermined whether or not a contract existed between the parties. Defendant notes a discrepancy regarding the price for the copying to suggest that there may not have been a contract for defendant to breach. As such, there are genuine issues of material fact to be determined.

First, defendant presents a letter from Stacy Foster, defendant's employee. This letter states that the contract price for the copying was $245.35, to be paid in full.

Second, defendant offered evidence showing what plaintiff contended the price to be. This evidence was in the form of an SCI Rockview cash transaction receipt from plaintiff. The amount of this receipt was in the amount of $144.05, and was "paid in full." Moreover, defendant alleges that plaintiff has failed to show that there are no genuine issues of material fact suggesting that there was a contract that could have been breached. As such, defendant contends that, because the price is material and essential to this dispute, there exists a genuine issue of material fact that goes to the heart of plaintiff's breach of contract action.

Summary judgment is proper when there are no genuine issues of material fact as to a necessary element of the cause of action or there are defenses that could be established by additional discovery or expert reports. Pa.R.C.P. 1035.2(1). It is the burden of the moving party to show that there are no genuine issues of material fact. *Anderson v. Moore,* 437 Pa. Super. 642, 645, 650 A.2d 1090, 1092 (1994). The court must examine all of the evidence in the light most favorable to the non-moving party, and any doubt must be resolved against the moving party. *Id.* at 645, 650 A.2d at 1092-93. Summary judgment may only be granted where reasonable minds could not differ, *Askew by Askew v. Zeller,* 361 Pa. Super. 35, 42, 521 A.2d 459, 463 (1987), and unless the case is free from doubt. *Anderson,* 437 Pa. Super. at 645, 650 A.2d at 1092-93.

In addition, for a valid contract to exist, it must have all of the elements of a contract. An enforceable contract exists when there is an offer, acceptance, and consideration or mutual meeting of the minds. *Jenkins v. County*

*of Schuylkill,* 441 Pa. Super. 642, 648, 658 A.2d 380, 383 (1985). A meeting of the minds occurs when both parties mutually agree to the same terms. This agreement is evidenced by the offer and acceptance. *Mountain Properties Inc. v. Tyler Hill Realty Corp.,* 767 A.2d 1096, 1101 (Pa. Super. 2001). All terms in the contract must be mutually agreed upon. *Onyx Oils & Resins Inc. v. Moss,* 367 Pa. 416, 420, 80 A.2d 815, 817 (1951).

In the current case, this court is convinced that there was no meeting of the minds regarding the contract price. The discrepancy in the contract price creates doubt as to the actual price of the copying service, as well as the existence of a valid contract. On the one hand, defendant has presented Stacy Foster's letter suggesting that the contract price is $245.35. On the other hand, plaintiff has introduced his SCI Rockview cash transaction receipt suggesting that the contract price is $144.05. Viewing these documents in the light most favorable to defendant, it is clear that the price for the copies is disputed. See *Anderson,* 437 Pa. Super. at 645, 650 A.2d at 1092-93, *supra.* It is not possible to determine whether or not a breach of contract has occurred until it is determined what the terms of the contract are. This court believes that more investigation and discovery would be necessary before it can rule on the breach of contract issue. As such, plaintiff's motion for summary judgment would not be appropriate on this issue.

Next, this court will briefly address the issue of plaintiff's alleged denial to the court system. It would appear that plaintiff is attempting to bring a negligence claim; however, this court finds that plaintiff has failed to show that there are no genuine issues of material fact

present. It is unsure whether or not defendant could be held solely responsible for plaintiff's failure to timely file an appeal. Thus, summary judgment would not be appropriate on this issue because the issue is not free from doubt.

## SUMMARY

Pursuant to Pennsylvania Rule of Civil Procedure 1035.2(1), if after all the evidence is presented and viewed in the light most favorable to the non-moving party, and there are no genuine issues of material fact, summary judgment may be granted. However, if there is a dispute regarding the cost for services in a contract, summary judgment is not appropriate because the cost is a material and essential term in a contract. If the contract price is disputed, it is questionable whether there was a mutual meeting of the minds between the parties. Likewise, if a plaintiff fails to show a clear causal relationship between missing a filing deadline and the breach of a contract, a motion for summary judgment cannot be granted. For these reasons, plaintiff's motion for summary judgment on both issues is hereby denied.

## ORDER

And now, November 5, 2004, it is hereby ordered that plaintiff's motion for summary judgment is hereby denied for failure to show that there are no genuine issues of material fact at hand.